THOMPSON MEDICAL COMPANY, INC., Appellant *v.* BENJAMIN PHARMACEUTICALS, INC., Respondent.

First Department, November 6, 1957.

*Patricia Hatry* of counsel (*Davis & Gilbert,* attorneys), for appellant.

*Samuel J. Stoll* for respondent.

*Per Curiam.* Insofar as the power of the court to set aside the stipulation of settlement is concerned, this case is to be distinguished from *Yonkers Fur Dressing Co.* v. *Royal Ins. Co.* (247 N. Y. 435). There as the result of a stipulation the action was finally terminated and marked discontinued. The action was completely removed from the jurisdiction of the court and it was accordingly held that relief from the stipulation could be obtained only in an action to set it aside. Here although there was a stipulation of settlement the action was still kept alive and was still within the court's jurisdiction. This is indicated by the provisions of the stipulation itself. We therefore do not question the power of the court below to set aside the stipulation on motion.

However, we believe on the facts disclosed here, this defendant was not entitled to be relieved from its stipulation which was made in open court while the parties and counsel were present. The stipulation was not inadvertently or haphazardly entered into but was dictated into the record with meticulous care after the trial had proceeded for some time and only after there had been full discussion and extended negotiations between the parties and counsel as to every detail involved. We find it impossible to accept the claims made in the moving papers, that the stipulation was not authorized by defendant; that it could not be carried out because of trade-mark limitations; that it was

based upon inadvertent error and mistake; that the agreement for damages was illegal; and finally that the stipulation permitted plaintiff to perpetrate a fraud on the public. While these claims are asserted as grounds for vacating the stipulation, we fail to find any facts to support them. We are satisfied that ' defendant and its counsel were fully aware of what they were agreeing to and that the motion to vacate the stipulation can only be explained as resulting from a change of mind. The assertion by defendant's president that the stipulation was made over his strong objection should not be given any consideration for he sat by without protest while it was being dictated by both counsel in open court.

Giving due weight to the fact that this stipulation was set aside by the same Judge who presided at the time the settlement was made, we must nevertheless come to the conclusion that setting it aside was an improper exercise of discretion. We can find no valid ground to support the vacating of the stipulation. Settlements openly arrived at should not be set aside on motion in the absence of compelling reasons therefor. We see none here. In the circumstances we are of the opinion that the stipulation should not have been vacated.

The order should be reversed and the motion denied.

RABIN, J. P., FRANK, VALENTE, McNALLY and BERGAN, JJ., concur.

Order so far as appealed from unanimously reversed on the law and the facts, with $20 costs and disbursements to the appellant, and the motion denied, with $10 costs.