(November 8, 1979)

■ CHARLES L. NIKOLAUS, Doing Business as NIKOLAUS BACKHOE, Re-

spondent, v JOHN GASIOROWSKI, Appellant.—Appeal from a judgment of the County Court of Schoharie County in favor of plaintiff, entered April 11, 1977, upon a decision of the court at a Trial Term, without a jury. During the course of an action to foreclose a mechanic's lien, a settlement was reached whereby plaintiff agreed to perform certain services to complete foundation work and other items at a construction site owned by the defendant in exchange for scheduled payments totaling $2,760. The specifics were dictated by the court, stenographically transcribed, and agreed to by the parties as a stipulation. The trial court marked the matter "settled in accordance with the stipulation put on the record." When defendant thereafter refused payment, contending that the work actually performed had not been satisfactorily completed in accordance with the agreement, plaintiff obtained an order to show cause seeking to enforce the terms of the stipulation. Although defendant initially objected to the jurisdiction of the court to proceed on that basis, a trial of the issues ensued and the court ultimately directed a judgment in favor of plaintiff. On this appeal, defendant asserts that the underlying action was terminated by the stipulation and that a new agreement arose which could be enforced only by way of separate action (see *Yonkers Fur Dressing Co. v Royal Ins. Co.,* 247 NY 435; *Putnam v Otsego Mut. Fire Ins. Co.,* 45 AD2d 556; *Owens v Lombardi,* 41 AD2d 438). However, the presumption is that a settlement agreement does not terminate an action and it may be overcome "only upon a showing that the parties have executed an express, unconditional stipulation of discontinuance, or have entered judgment in accordance with the terms of the settlement" *(Teitelbaum Holdings v Gold,* 48 NY2d 51). Since no such judgment was entered in this case, the question is whether the foregoing transaction represented an express and unconditional stipulation of discontinuance. Unlike the situation presented in *Yonkers (supra),* where the language of the agreement provided that the litigation "is * * * terminated" and the case was subsequently marked "settled and discontinued" (247 NY 435, 440, 442), the trial court here simply noted that the action and counterclaim "are to be discontinued" and marked the matter "settled in accordance with [the agreement]." In our opinion, these comments do not adequately rebut the presumption because they do not reflect an unambiguous present intent to effect an immediate discontinuance. The apparent failure to discharge the mechanic's lien reinforces this view. There was a mere arrangement requiring further performance by both parties, and their stipulation of settlement was not intended to nor did it conclude the action. Their agreement did not encompass an unconditional discontinuance and, therefore, it was proper for plaintiff to have its terms enforced by way of motion *(Teitelbaum Holdings v Gold, supra;* cf. *Thompson Med. Co. v Benjamin Pharms.,* 4 AD2d 504). Judgment affirmed, with costs. Greenblott, Kane and Herlihy, JJ., concur.

Mahoney, P. J., and Main, J., dissent and vote to reverse in the following memorandum by Mahoney, P. J. Mahoney, P. J. (dissenting). We cannot agree with the majority that the stenographically transcribed stipulation of discontinuance which concluded the action to foreclose a mechanic's lien and obligated the defendant to pay plaintiff the sum of $2,760 upon the completion by defendant of foundation work at the construction site, somehow became a "mere arrangement requiring further performance by both parties, and their stipulation of settlement was not intended to conclude the action". A stipulation of discontinuance is a contract which by its terms concludes an action *(Yonkers Fur Dressing Co. v Royal Ins. Co.,* 247 NY 435). Immediately upon appropriate entry on the court calendar, the action

ceases to exist. Nothing remains that can be addressed by motion unless the stipulation is conditioned in terms of time so that it can be said that the action is still pending when the motion attacking the stipulation is made *(Sperb v Met. El. Ry. Co.,* 57 Hun 588, opn in 10 NYS 865, affd 123 NY 659). Here, the subject stipulation of discontinuance is not conditioned so as to require judicial monitoring. The preamble to the terms of the agreement recites the court's understanding that "The parties have compromised and settled their differences, and that the action brought by plaintiff and the action by way of a counterclaim are *to be discontinued upon the merits based upon this stipulation."* (Emphasis added.) Nothing could be clearer. Whatever differences that obtained between the parties were settled by compromise, upon the merits of their respective actions, and new rights and obligations were created by the very contract that ended their prior actions. The present dispute, defendant refusing to pay plaintiff the agreed upon sum because of allegedly defective work, arose subsequent to the contract of discontinuance and can only be resolved in a plenary action wherein all the pretrial discovery machinery provided in the CPLR can be utilized to clarify the issues. Affidavits of a party in support of a motion attacking a stipulation of discontinuance are not an adequate substitute for testimonial proof, subject to cross-examination, whereby disagreements can be ventilated and the issues narrowed for easier resolution (see *Hallock v State of New York,* 58 AD2d 67). The Court of Appeals in *Teitelbaum Holdings v Gold* (48 NY2d 51), while conceding that the *Yonkers* rule has been substantially eroded over the years so as to permit more liberal judicial enforcement of settlements by motion rather than plenary action, nevertheless, refrained from overruling *Yonkers* in those instances, as here, where the parties enter into a *stipulation of discontinuance,* as distinguished from a settlement agreement. The latter contractual arrangement would require the entry of a judgment to conclude and enforce the settlement. The judgment should be reversed.