■ KENNETH VAN HOESEN et al., Respondents, v OWENS-ILLINOIS GLASS COMPANY, INC., Defendant and Third-Party Plaintiff, and SARRAINO BROS. & CURCIO, INC., Third-Party Defendant. LUMBERMENS MUTUAL CASUALTY COMPANY, Intervenor-Appellant. (And One Other Action.)— Appeal from an order of the Supreme Court at Special Term, entered January 7, 1980 in Fulton County, which, pursuant to a prior settlement entered into by the parties, directed Lumbermens Mutual Casualty Company to pay $4,820.27 to plaintiff for legal expenses incurred in obtaining a third-party recovery. While in the employ of the third-party defendant Sarraino Bros. & Curcio, Inc., plaintiff Kenneth Van Hoesen lost the total use of an eye when a bottle exploded in a case of beverages he was handling. Workers' compensation benefits were paid by the employer's compensation insurance carrier, Lumbermens Mutual Casualty Company, the intervenor herein. Thereafter, plaintiff commenced third-party actions against F & M Schaefer Brewing Company and Owens-Illinois Glass Com-

pany for personal injuries resulting from the exploding bottle. The employer was impleaded in both actions. On November 18, 1975, prior to any final determination of a schedule award on the workers' compensation claim, the third-party actions were settled and a stipulation was placed on the record in open court by the attorneys for all parties. The interpretation of that stipulation forms the basis of this appeal. Plaintiffs' attorney recited that the settlement provided for payment by the defendants of the sum of $35,000 plus the waiver of Lumbermens' compensation lien in the amount of $2,540.80 for a total of $37,540.80, with attorney's fees set at $12,500. He then went on to say: "It is my understanding that upon the making of the award—the schedule award in compensation for the loss of this man's eye, a computation will be made on the basis of the total amount paid as though it was actually paid out in cash and that one-third of that amount will be made available to the Claimant as reimbursement to him according to the pro rata section in that part of the Workmen's Compensation Law." The attorney for intervenor, agreeing conditionally with the terms of the settlement, required "that Lumbermens Mutual Casualty Company receive credit in computing deficiency compensation for all sums received by the claimant as a result of the settlement of the Third-Party action *and for any sum heretofore paid as Workmen's Compensation*" (emphasis added). An order was entered upon the stipulation, which, among other things, provided for reimbursement to plaintiff for the reasonable value of attorney's fees in the ultimate disposition of the pending compensation claim. On July 3, 1978 the Workers' Compensation Board made a schedule loss award to plaintiff in the sum of $12,998 plus medical expenses of $1,462.80 for a total of $14,460.80. Plaintiff thereupon requested payment of $4,820 from the intervenor for its share of attorney's fees, but the carrier refused and insisted its obligation under the agreement was limited to $3,973.33 (one third of the difference between the total compensation award and the amount of the lien previously waived at the time of the settlement). Plaintiff thereupon moved for an order apportioning reasonable attorney's fees (Workers' Compensation Law, § 29, subd 1). The court accepted plaintiff's interpretation of the stipulation and this appeal ensued. When the intervenor waived its lien at the time of settlement of the third-party actions, it was, in effect, contributing to the total settlement figure. When the motion for apportionment of reasonable attorney's fees was thereafter made in light of the schedule award, a deduction of the amount of the lien previously waived was required in order to properly accommodate the language of the statute (Workers' Compensation Law, § 29, subd 1). The moneys advanced to or on behalf of the plaintiff became a lien on the amount of any judgment or settlement and the carrier's right to share in any such recovery was inviolable *(Matter of Granger v Urda,* 44 NY2d 91). In referring to the division of attorney's fees between the plaintiff and the carrier, the statutory wording of "equitably apportioned" measures what a carrier contributes in proportion to the *actual benefit* derived from the recovery *(Castleberry v Hudson Val. Asphalt Corp.,* 70 AD2d 228). Here, in view of its prior waiver, the benefit it derived from an attorney's effort in the compensation claim was $11,920 (see *Becker v Huss Co.,* 43 NY2d 527, 538). The present judgment should be modified accordingly. Order modified, on the law and the facts, by directing the Lumbermens Mutual Casualty Company to pay the reduced sum of $3,973.33, and, as so modified, affirmed,

without costs. Greenblott, J. P., Sweeney, Kane and Main, JJ., concur.

Mikoll, J., dissents and votes to affirm in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. I would affirm. Plaintiffs brought the instant motion to effectuate the settlement made between the parties in open court, not to enforce rights accrued under subdivision 1 of section 29 of the Workers' Compensation Law. An agreement and settlement reached in open court, with co-operation and assistance of counsel and the court itself, should not be disturbed in the absence of the most extraordinary and compelling reasons *(Covert v Covert,* 50 AD2d 622; *Thompson Med. Co. v Benjamin Pharms.,* 4 AD2d 504). Special Term, therefore, properly looked to and interpreted the terms of its prior settlement order dated January 29, 1976 in favor of plaintiff Kenneth Van Hoesen in resolving the dispute over the share of counsel fees to be paid by the intervenor. The language of that order refers to the "full value of the Workmen's Compensation claim of *Kenneth Van Hoesen, including compensation payments and medical payments"* (emphasis added). The order continues by stating that Lumbermens Mutual must pay "one-third of the said full value of the Workmen's Compensation claim" to Van Hoesen as reimbursement for legal fees. Had the parties intended to exclude the amount represented by the waived lien of $2,540.80 from the total compensation claim, they could have done so in simple language. In the instant situation, the provisions of subdivision 1 of section 29 of the statute and cases decided thereunder should not be employed to change the terms of this agreement.