■ HOOKER CHEMICALS & PLASTICS CORP., Respondent, v INTERNATIONAL MINERALS & CHEMICAL CORPORATION, Appellant. — Order entered June 11, 1982 unanimously modified by striking second ordering paragraph and, as modified, affirmed, with costs to defendant. Order entered July 20, 1982 unanimously affirmed. Memorandum: In January, 1972 plaintiff and defendant entered into a joint venture agreement for the production of all or a portion of their respective requirements of caustic potash, chlorine and hydrogen. The agreement was one of a series of contracts whereby plaintiff and defendant agreed to operate a facility on plaintiff's property, utilizing a secret technique developed by defendant for the production of caustic potash. The parties conducted business pursuant to the joint venture agreement for approximately 10 years. On July 8, 1981 plaintiff's president met with defendant's president to discuss plaintiff's desire to terminate the venture. However, no agreement was reached with respect to terminating the joint venture. In August, 1981 plaintiff sought a declaration that the agreement is terminable at the will of either party. Section 15 of the joint venture agreement provides that "[t]his agreement shall continue without limitation as to time unless terminated by mutual consent of the parties or upon action of either party pursuant to Section 14 or this Section 15, or by purchase of the other's interest in the Plant." These sections provide for termination upon judicial dissolution of the venture, the inability of plaintiff to conform the facility to antipollution standards, the encumbrance by one party upon the interest of the other, or the requirement that within a one-year period either party makes a capital contribution in excess of $300,000. The integration clause of the joint venture agreement provides that: "This agreement with the Exhibits hereto contains the entire understanding of the parties with respect to the joint venture established hereby, there being no other understandings, oral or written, between them with respect thereto, and none of the provisions of this agreement may be amended or waived except by written instrument signed by duly authorized representatives of both parties. No waiver of any default shall be deemed or construed to be a waiver of any other or subsequent default." Special Term, considering solely the language of the joint venture agreement, found that the agreement is terminable at will and granted partial summary judgment to plaintiff. A joint venture is subject to the same rules as a partnership (*Hardin v Robinson*, 178 App Div 724, affd 223 NY 651). Dissolution of a partnership is caused, without violation of the agreement, by the express will of any partner when no definite term or particular undertaking is specified (Partnership Law, § 62, subd 1, par [b]). If a partnership is not limited as to time and "there is nothing to show the intention of parties as to its duration," it is a partnership at will (*Hardin v Robinson, supra,* at p 728). "But where a partnership has for its object the completion of a specified piece of work, or the effecting of a specified result, it will be presumed that the parties intended the relation to continue until the object has been accomplished" (*Hardin v Robinson, supra,* at p 729). Whether the relationship is at will or for

a fixed term or until the accomplishment of a particular undertaking is a question of fact (*68th St. Apts. v Lauricella,* 142 NJ Super 546, affd 150 NJ Super 47). In the absence of an express term in a contract fixing duration, courts may inquire into the intent of the parties (*Haimes v City of New York,* 41 NY2d 769). In determining the parties' rights, Special Term did not consider the additional agreements between the parties but looked exclusively to the joint venture agreement. The integration clause of the contract renders the other agreements (exhibits) part of the joint venture agreement. These agreements should have been considered in determining whether the parties provided for a definite term or specific undertaking. Although the joint venture agreement provides that it will continue "without limitation as to time," a question of fact is presented as to whether the parties intended limitations other than time to determine the duration and whether the agreements when read together provide for a specific undertaking. We find defendant's other contentions to be without merit. (Appeals from orders of Supreme Court, Erie County, Wolf, J. — partial summary judgment.) Present — Simons, J. P., Callahan, Doerr, Boomer and Moule, JJ.