■ LANDSMAN, INC., Respondent, v GRAND-PERRIDINE DEVELOPMENT CORP. et al., Appellants, and NATIONAL LENDING GROUP, INC.—NEW YORK, Respondent.—Order and judgment (one paper), Supreme Court, New York County (Irma Vidal Santaella, J.), entered October 26, 1989, which, *inter alia,* granted plaintiff's motion for summary judgment dissolving the Fox Meadow Associates partnership, denied defendants-appellants' cross motion for leave to amend their answer and for summary judgment dismissal of the complaint, and appointed a Referee to sell the assets of the partnership, unanimously affirmed, without costs.

By agreement dated December 30, 1983, the Fox Meadow Associates partnership was formed by plaintiff, which received a 10% interest, and defendants Grand-Perridine Development Corp. and National Lending Group, each of which received a 45% interest to construct homes on certain unimproved land in Nassau County. Subdivision approval was not obtained until June 1988, by which time the partnership had exhausted its funds. The partners, unable to agree on either a sale of partnership interest or the property, or the means to raise additional capital, defaulted on the mortgages.

Defendant National Lending Group joined in plaintiff's motion for summary judgment. Under these circumstances, the granting of plaintiff's motion for summary judgment dissolving the partnership was clearly proper pursuant to Partnership Law § 63 (1) (e), (f). There was no abuse of discretion in Supreme Court's rejection of defendants-appellants' cross motion for leave to amend their answer to assert claims of lack of consideration in plaintiff's acquisition of its partnership interest and fraudulent inducement of their execution of the partnership agreement five years earlier, where the evidentiary basis advanced for these claims was so obtuse and contradictory as to establish that the proposed amendment was palpably without merit. *(Crimmins Contr. Co. v City of New York,* 74 NY2d 166.) Concur—Murphy, P. J., Milonas, Kupferman and Rubin, JJ.