■ GORDON D. TEETER et al., Appellants, v CHARLES T. DE LORENZO, Respondent. [711 NYS2d 629] —Lahtinen, J. Appeal from that part of an order of the Supreme Court (Monserrate,

J.), entered September 21, 1999 in Broome County, which denied plaintiffs' motion for summary judgment dismissing defendant's counterclaim.

The two plaintiffs and defendant entered into a written partnership agreement on October 17, 1979 for the specific purpose of purchasing real property in the Village of Endicott, Broome County, upon which the partners proposed to construct and then operate, maintain and own a 53-unit apartment complex.

In February 1995, pursuant to article 19 of the partnership agreement, each plaintiff served a written notice of intention to retire on the other two partners. Article 19 gave the partnership 30 days to elect to purchase the interest of the retiring partner and, upon failing to elect to purchase, permitted the retiring partner to sell to a third person. The partnership did not elect to purchase plaintiffs' interests and the retiring partners did not sell to a third person.

In February 1998, plaintiffs gave defendant notice in writing that they were dissolving the partnership, effective immediately. The parties could not agree on how to wind up the partnership and on March 30, 1999 plaintiffs commenced this action seeking, *inter alia*, judgment declaring the partnership to be dissolved or, in the alternative, judgment dissolving the partnership, the appointment of a receiver, an accounting and a sale of the partnership property at public auction. Defendant answered and counterclaimed for damages for plaintiffs' breach of paragraph 23 of the partnership agreement, which prohibited any partner from making a judicial application for dissolution. Plaintiffs moved for summary judgment declaring the partnership dissolved and seeking dismissal of defendant's counterclaim. Supreme Court concluded that the parties created a partnership at will which was dissolved by plaintiffs' February 1998 written notice, but denied that portion of plaintiffs' motion which sought dismissal of defendant's counterclaim. Plaintiffs now appeal from that part of Supreme Court's order.

It is clear that the partnership had no definite term and, therefore, was terminated by plaintiffs' letter of February 1998 without breaching the partnership agreement (*see*, Partnership Law § 62 [1] [b]; *Alessi v Brozzetti*, 228 AD2d 917, 918; *McQuillan v Kenyon & Kenyon*, 220 AD2d 395, 396, *appeal dismissed* 88 NY2d 1064). We concur in Supreme Court's implicit rejection of defendant's argument that plaintiffs' instant action, brought after the termination of the partnership, was a violation of paragraph 23 of the partnership agreement subjecting plaintiffs to liability for breach of that agreement. However,

Supreme Court refused to dismiss defendant's counterclaim because it found that plaintiffs breached the partnership agreement *prior* to dissolution of the partnership in February 1998 by failing to give notice of their intent to retire as required by paragraph 19 of the agreement.

We do not read paragraph 19 of the agreement as requiring plaintiffs to give defendant any notice prior to withdrawal from the partnership. Paragraph 19 refers clearly to retiring partners and not withdrawing partners, but assuming that it did require notice of withdrawal and an offer of the withdrawing partner's interest to the remaining partners, the failure to comply with that paragraph does not impose liability on the withdrawing partners for damages for breach of the partnership contract (*see*, *Napoli v Domnitch*, 18 AD2d 707, 708, *affd* 14 NY2d 508).

Cardona, P. J., Peters, Spain and Mugglin, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as denied plaintiffs' motion to dismiss the counterclaim; said motion granted and counterclaim dismissed; and, as so modified, affirmed.