■ BARBARA L. BERRIAN, Appellant, v SCOTT McCOMBS, Respondent. NEW YORK CENTRAL MUTUAL FIRE INSURANCE CO.,

Nonparty Respondent. [720 NYS2d 513] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated January 5, 2000, as, upon reargument, adhered to a prior determination in an order dated August 13, 1999, denying her motion, in effect, to enforce a stipulation of settlement.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents, upon reargument, the order dated August 13, 1999, is vacated, and the plaintiff's motion, in effect, to enforce a stipulation of settlement is granted to the extent of directing that the nonparty respondent New York Central Mutual Fire Insurance Co., upon the plaintiff's return of the settlement check dated May 12, 1999, issue a new settlement check payable solely to the plaintiff and her attorney in the principal sum of $90,000, plus interest at the rate of 9% calculated from April 27, 1999.

Contrary to the contention of the respondent Scott McCombs, the plaintiff was not required to commence a plenary action to seek enforcement of the parties' stipulation of settlement. The discontinuance of the action was, in effect, conditioned upon the proper payment of the amount provided in the stipulation of settlement. Since the parties did not unequivocally terminate the action (*see, Teitelbaum Holdings v Gold,* 48 NY2d 51, 56), the plaintiff may challenge the manner of payment of the settlement by motion rather than by plenary action.

The Supreme Court erred in denying the plaintiff's motion. The nonparty respondent, New York Central Mutual Fire Insurance Co. (hereinafter New York Central), breached the stipulation of settlement by adding the plaintiff's insurer as a payee on the settlement check. The agreement requires the plaintiff to hold settlement funds in trust to satisfy the subrogation claim of her insurer; it does not provide for payment directly to the insurer. By adding the insurer as a payee, New York Central violated the terms of the stipulation of settlement and unilaterally changed its terms. S. Miller, J. P., McGinity, Feuerstein and Smith, JJ., concur.