■ TERRY A. KRULWICH, Respondent-Appellant, v ROBERT A. POSNER, Appellant-Respondent. [738 NYS2d 315] —Order, Supreme Court, New York County (Barry Cozier, J.), entered January 24, 2000, as modified by an order, same court and Justice, entered on or about October 19, 2000, which, insofar as appealed from as limited by the briefs: (1) ruled that certain statements made by defendant had breached his fiduciary duty as a member and the managing partner of Eastville Realty Company, a general partnership between defendant and the

trust; (2) ruled that Eastville would be deemed dissolved, pursuant to Partnership Law § 63 (1) (c), (d) and (e), as of the time of the commencement of this action, on or about October 5, 1988; (3) determined that Eastville had a value of $4.2 million as of the date of dissolution, and that the trust would be entitled to distributions in the final partnership accounting based on such valuation; (4) dismissed defendant's first, second, and third counterclaims against the trust; (5) dismissed the trust's claim for punitive damages against defendant; (6) directed that an undertaking in the amount of $100,000 that the trust had been directed to file as a condition to continuation of a preliminary injunction by a prior order (Walter Schackman, J.), dated March 16, 1995, remain in force and effect; and (7) denied each party's request for an award of attorney's fees against the other, unanimously modified, on the law: (1) to declare the subject partnership, Eastville Realty Company, dissolved pursuant to Partnership Law § 63 (1) (f), by reason of the irreconcilable dissension between the two equal partners; (2) to declare both partners to be entitled to distributions in the partnership accounting based on the actual proceeds of the sale of the partnership's sole asset, not based on the valuation of that asset as of October 1988; (3) to vacate Supreme Court's valuation of the partnership's sole asset as of October 1988; (4) to vacate Supreme Court's finding that defendant breached his fiduciary duties; (5) to declare that defendant's loans to the partnership are entitled to equal priority in repayment with S. Paul Posner's loans to the partnership; and (6) to declare that the undertaking filed by plaintiff trustee pursuant to the order dated March 16, 1995, be released, and otherwise affirmed, without costs.

The source of dissention between the interested parties—brothers and, effectively, general partners in Eastville Realty Company—is the structure of the transfer of the partnership's sole asset, a residential apartment building. (Although plaintiff trust is the nominal general partner, it is uncontested that S. Paul Posner [Paul], the grantor, acted as the de facto trustee in place of the nominal trustee, his wife.) Paul Posner sought a cash sale, while defendant Robert A. Posner (Robert) wanted a like-kind exchange to defer the capital gains tax impact attendant upon a cash sale. Of the causes of action that continue to be asserted by the parties on this appeal, none rises to the level of a breach of fiduciary duty. However, the attempt by the partners, both lawyers and sophisticated businessmen, to translate personal animus into cognizable causes of action reflects the degree to which their differences regarding the management of the partnership have become irreconcilable.

To the extent the competing charges are relevant to the actual dispute, guidance can be obtained by reference to the nearest paper currency issued by the United States Government, particularly the recitation, "This note is legal tender for all debts, public and private." Robert's "share of the profits and surplus * * * is personal property" (Partnership Law § 52), and payment in specie is unobjectionable. Therefore, he may not compel the partnership to structure the transaction to accommodate his peculiar tax situation (*see, Lama Holding Co. v Smith Barney*, 88 NY2d 413, 422-423).

While the partnership agreement designates Robert as managing partner, the law bestows on each partner the "right to participate in the management" of the partnership (Partnership Law § 50 [c]). The exercise of this right is not "interference," and any loss of potential profit occasioned by a dispute between or among partners as to the conduct of its affairs is merely an incident of the organizational form. Had the parties wanted to relieve Paul (or, nominally, the trust) of all management authority, they had merely to organize as a limited partnership, designating only Robert as general partner. The partners may not claim against each other for the consequences of management decisions they make or fail to make, much of which is attributable to the 13 years the partnership's affairs have been mired in litigation (*see, Landsman, Inc. v Grand-Perridine Dev. Corp.*, 169 AD2d 460). As such, no damages are attributable to the preliminary injunction, obtained in 1992, prohibiting disposition of the building in an exchange transaction, and the posted undertaking is no longer necessary.

Nothing concerning Robert's proposed move into the building, which never took place and which was a point of contention for a paltry four months, implicates anything more than the efficient use of partnership property (*cf., Diamond v Oreamuno*, 24 NY2d 494, 498 [self-dealing]). Had Robert actually resided in the premises, any dispute as to the value of his occupancy would properly be subject to resolution in an accounting (*Keogh v Breed, Abbott & Morgan*, 224 AD2d 180, 181, *lv denied* 88 NY2d 801). As the move never took place, no identifiable loss is attributable to his proposed action, and the controversy is academic (*see, Gibbs v Breed, Abbott & Morgan*, 271 AD2d 180, 189).

Finally, there is no merit to the claim that Paul, the de facto partner, is entitled to any priority in repayment of his loans to the partnership. This Court will not elevate form over substance to treat the agent of the trust, who exercised the prerogatives of a general partner, as a nonpartner for this

limited purpose. Concur—Nardelli, J.P., Mazzarelli, Andrias, Ellerin and Rubin, JJ.