■ MARY H. HARSHMAN et al., Respondents, v PATRICIA PANTALEONI, Appellant. [741 NYS2d 348] —Rose, J. Appeal from an order of the Supreme Court (Meddaugh, J.), entered April 30, 2001 in Sullivan County, which, inter alia, partially granted plaintiffs' motion for summary judgment.

This action concerns a family partnership formed by plaintiffs and defendant's husband in 1961 to hold and manage 1,879 acres of land in Sullivan County originally owned by their grandfather. Upon the death of defendant's husband, defendant succeeded to his partnership interest. After the property was appraised at $3,110,000, plaintiffs desired its sale, a transaction that could be accomplished under the written partnership agreement only by a unanimous vote of the partners. When defendant refused to agree to the proposed sale, plaintiffs voted to dissolve the partnership at a meeting held on June 27, 1998. Still lacking defendant's acquiescence in either the sale or dissolution, plaintiffs commenced this action to obtain judicial recognition of the dissolution. Following joinder of issue, plaintiffs moved for summary judgment for such relief while defendant cross-moved for summary judgment dismissing the complaint. Supreme Court granted plaintiffs' motion to the extent of confirming that the partnership had been dissolved by plaintiffs' actions on June 27, 1998, and scheduled further proceedings regarding the distribution of partnership assets. Defendant appeals.

It is well settled that when a partnership has no definite term or particular objective to be achieved, it may be dissolved at any time by the express will of one or more of the partners (*see,* Partnership Law § 62 [1] [b]; *Teeter v De Lorenzo*, 275 AD2d 528, 529; *Alessi v Brozzetti*, 228 AD2d 917, 918; *Sanley Co. v Louis*, 197 AD2d 412, 413; *cf., Hooker Chems. & Plastics Corp. v International Mins. & Chem. Corp.*, 90 AD2d 991, 991-992 [finding an issue of fact as to whether a partnership with no limitation as to time had other limitations on its duration]).

As stated in the partnership agreement here, the only

purposes of the partnership are "to purchase, hold, operate, improve, lease and rent the real property * * *, and also * * * to engage in the lumbering and farming thereof, and to lease fishing, hunting, and sporting rights thereto." These objectives are perpetual in nature, and place no time limitation on the duration of the partnership. While the agreement also provides that the partnership shall continue until the real property is sold, a sale is not among the purposes of the partnership and will not achieve any of its stated objectives. Nor will a sale by the partnership occur absent a unanimous decision of the partners. Without such unanimity, the partnership would continue forever. Under these circumstances, Supreme Court correctly found the partnership to have no definite term and to be, therefore, an at-will partnership terminated by plaintiffs' unequivocal election to dissolve it.

We have considered defendant's remaining equitable argument and find it to be without merit, particularly since the parties' deadlock concerning the sale of the real property equitably warrants termination, rather than continuation, of the partnership (*see*, Partnership Law § 63 [1] [f]; *Landsman, Inc. v Grand-Perridine Dev. Corp.*, 169 AD2d 460).

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.