◼ LILLIAN AARON, Individually and as Executor of MARTIN AARON, Deceased, Respondent, v STEVEN L. AARON, Appellant. [768 NYS2d 739]—

Spain, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered July 31, 2002 in Ulster County, which, inter alia, granted plaintiff's motion to continue the powers of the receiver.

This appeal is but the latest event in an extensive, litigious dispute spanning three decades between plaintiff and her son following the 1985 death of Martin Aaron, plaintiff's husband and defendant's father (hereinafter decedent) (*see e.g. F&K Supply v Willowbrook Dev. Co.*, 304 AD2d 918 [2003], *lv denied* 1 NY3d 502 [2003]; *Matter of Aaron v Kavanagh*, 304 AD2d 890 [2003]; *F&K Supply v Willowbrook Dev. Co.*, 288 AD2d 713 [2001]). The action at issue here involves an improved parcel of real property located on Route 9W in the Town of Ulster, Ulster County (hereinafter the property). The property was owned by A & A Associates, a partnership between defendant and decedent. After decedent died, the parties apparently renewed the partnership at will, without a written partnership agreement. At this juncture, the parties do not dispute that a partnership existed between them or that the property was an asset of that partnership. In 1989, plaintiff commenced this action seeking to partition the property. The action was later consolidated as one of 15 actions related to the partnership and

designated as "Action No. 4." Supreme Court appointed a temporary receiver to manage the property pending resolution of the litigation.

In 1999, the parties entered into a stipulation of settlement which, among other things, contemplated that the parties' accountants would review the books and records of the partnership and come to an agreement—by November 1, 1999—settling the partnership accounts and computing certain adjustments. If the accountants could not agree, the stipulation states that any dispute should be resolved by "an independent accounting firm agreed upon by the parties." The stipulation then provides that "unless the parties shall otherwise agree, the property at issue in Action No. 4 be partitioned at the time of entry of final judgment in the consolidated action, with the proceeds divided 75 percent to [plaintiff] and 25 percent to [defendant]." In addition, in one of the enumerated terms of the stipulation, defendant agrees that he "will dismiss Action Number 4 with prejudice and without costs."

Some disagreement exists as to whether the parties' accountants were able to reach an agreement with regard to the partnership accounts. Plaintiff contends that no agreement was ever reached, whereas defendant claims that a tentative agreement was reached but that plaintiff then rejected it, and by doing so breached the terms of the stipulation. Apparently, no independent accounting firm was ever utilized to settle the dispute.

In July 2000, after it was discovered that certain properties had been incorrectly listed as assets of the partnership, defendant successfully moved for an order directing enforcement of the stipulation by its terms without regard to those properties. Plaintiff withdrew as a partner of the partnership in March 2002 and then moved for an order declaring the dissolution of the partnership, an order compelling a final accounting and a winding up of the partnership affairs, and an order extending the powers of the temporary receiver. Supreme Court partially granted plaintiff's motion, extending the powers of the receiver and ordering—once again—that the terms of the stipulation be enforced. Defendant appeals raising, among other things, several objections to Supreme Court's exercise of jurisdiction over this matter.

We affirm. First, we reject defendant's argument that because the stipulation provided that this action be dismissed, Supreme Court lacked jurisdiction to entertain plaintiff's motion. The stipulation contemplates dismissal of this action following settlement of the partnership accounts, but does not unequivocally

state that the action is terminated, and the parties never executed an express stipulation of discontinuance or entered any judgment effecting that result. "Absent such termination, the court retains its supervisory power over the action and may lend aid to a party who had moved for enforcement of the settlement" (*Teitelbaum Holdings v Gold*, 48 NY2d 51, 53 [1979]; *see Matter of Drake*, 278 AD2d 929, 930 [2000]; *Nikolaus v Gasiorowski*, 72 AD2d 834, 834-835 [1979]). Similarly, because there has been no actual, unequivocal termination of the action, plaintiff was not required to seek enforcement of the settlement by plenary action, as defendant contends (*see Teitelbaum Holdings v Gold, supra* at 55; *Berrian v McCombs*, 280 AD2d 442, 442 [2001]; *cf. Matter of Niagara Mohawk Power Corp. v Green Is. Power Auth.*, 260 AD2d 849, 850 [1999]). Nor did the entry in April 2001 of a final decision and judgment of the consolidated actions terminate the court's jurisdiction over this matter, inasmuch as that decision and judgment clearly did not encompass action No. 4.

We also reject defendant's contention that partition of the property is premature. The stipulation clearly provides for partition of the property "at the time of entry of final judgment in the consolidated action." As indicated, final judgment was rendered in the consolidated action in April 2001 and, absent a stay, the pendency of an appeal from that judgment does not alter the finality or enforceability of that judgment (*see Da Silva v Musso*, 76 NY2d 436, 440 [1990]).

We need not address defendant's challenges to Supreme Court's authority to order dissolution of the partnership and an accounting because the court did not order such relief. Supreme Court did not grant plaintiff's motion in its entirety, but ordered that "the relief sought[ ] is granted to the extent that plaintiff is entitled to enforcement of those provisions of the settlement agreement calling for a partition of the partnership" and "[t]hat part of the motion seeking to continue the powers of the receiver is granted." Indeed, the partnership dissolved by operation of law when plaintiff withdrew from the partnership (*see* Partnership Law § 62 [1] [b]; *Harshman v Pantaleoni*, 294 AD2d 687, 687 [2002]). Additionally, although "upon dissolution, any partner is entitled to an accounting" (*Shandell v Katz*, 95 AD2d 742, 743 [1983] [1993]; *see Kirsch v Leventhal*, 181 AD2d 222, 224 [1992]), Supreme Court did not specifically order an accounting, but merely directed that the property be partitioned pursuant to the terms of the stipulation. In any event, the court "had the power to order an accounting, as such is a necessary incident of a partition action" (*Rosen v Rosen*, 78 AD2d 911, 912 [1980]; *see Deitz v Deitz*, 245 AD2d 638, 639 [1997]).

We also decline defendant's request for a clarification of Supreme Court's order to reflect that the enforcement of the stipulation must include the as yet unresolved adjustments necessary to equalize the accounts. In our view, the court's direction that the settlement is to be enforced pursuant to its terms is unambiguous and requires no clarification.

Finally, although we agree with defendant that he would be entitled to raise the alleged breach of the stipulation by plaintiff as a defense in an action to enforce the stipulation's actual terms (*see e.g. Teeter v De Lorenzo*, 275 AD2d 528, 529-530 [2000]), we nevertheless conclude that it was unnecessary for Supreme Court to consider this defense at this juncture. Plaintiff did not actually seek any tangible enforcement of the stipulation; she requested a declaration of dissolution, a judicially ordered accounting and winding up, and a continuance of the receivership. The court granted only the continuance of the receivership and otherwise directed partition in accordance with the terms of the stipulation, essentially preserving the status quo until the parties take further action pursuant to the stipulation. The court did not invoke any enforcement device (*see e.g.* CPLR art 52) or establish the monetary amount to be distributed pursuant to the stipulation, but merely reiterated that plaintiff is entitled to the enforcement of the stipulation pursuant to its terms. Accordingly, any argument that the stipulation has not been complied with is premature.

Mercure, J.P., Peters, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, with costs.