■ AARON SELIGSON et al., as Executors of HERBERT A. ROTHMAN, Deceased, Respondents, v ALBERT RUSSO et al., Appellants. [792 NYS2d 34]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered July 21, 2004, which, inter alia, dissolved the parties' partnership, unanimously affirmed, without costs.

Plaintiffs were not estopped from seeking dissolution. Their opposition to a motion to compel them to sell a certain partnership interest to defendants was not inconsistent with their request for dissolution.

In light of defendants' failure to request an evidentiary hearing, they cannot be heard to argue on appeal that one was required (*see e.g. Matter of Quail Aero Serv.*, 300 AD2d 800, 803 [2002]). In any event, no hearing was required, since the cause of the parties' dissension is irrelevant (*see Matter of T.J. Ronan Paint Corp.*, 98 AD2d 413, 422 [1984]; *Matter of Gordon & Weiss*, 32 AD2d 279, 281 [1969]).

The amended complaint, when read as a whole (*see* CPLR 104, 3026), sufficiently alleges the grounds set forth in Partnership Law § 63 (1) (c) and (d). In light of the 50-50 deadlock between the parties and the consequent inability of the partnership to make any decisions, it was equitable to dissolve this partnership pursuant to section 63 (1) (f) (*see Krulwich v Posner*, 291 AD2d 301, 302 [2002]). Even though the partnership agreement was for a definite term, it foresaw the possibility of early dissolution; moreover, "[n]o one can be forced to continue as a partner against his will" (*Napoli v Domnitch*, 18 AD2d 707, 708 [1962], *affd* 14 NY2d 508 [1964]). The fact that sale of the building owned by the partnership may have adverse tax consequences to some parties is not dispositive (*see Krulwich*, 291 AD2d at 303).

We have considered defendants' remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Saxe, Friedman and Nardelli, JJ.