■ SMD CAPITAL GROUP LLC et al., Respondents, v EPR CAPITAL LLC et al., Appellants. [846 NYS2d 89]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered September 28, 2006, awarding plaintiffs $376,250 pursuant to an order, same court and J.H.O., entered September 25, 2006, which granted plaintiffs' motion to enforce the parties' settlement agreement, unanimously affirmed, with costs. Appeal from above order unanimously dismissed, without costs, as subsumed in the appeal from the above judgment.

Defendants' contention that the court improperly enforced the parties' settlement agreement without conducting an evidentiary hearing is unpreserved (see Seligson v Russo, 16 AD3d 253 [2005], lv denied 5 NY3d 706 [2005]). Were we to review the claim, we would find that the court appropriately enforced the settlement agreement on plaintiffs' motion since the action had not been unequivocally terminated (see Teitelbaum Holdings v Gold, 48 NY2d 51, 56 [1979]; Matter of Crecca v Narofsky, 41 AD3d 216 [2007]). The liquidated damages clause at issue was enforceable since plaintiffs demonstrated both that the damages flowing from defendants' failure to produce the

required books and records at closing were difficult to ascertain, and that the provision fixing said damages was a reasonable measure of the anticipated probable harm (*see Truck Rent-A-Ctr. v Puritan Farms 2nd*, 41 NY2d 420, 425 [1977]; *Crown IT Servs., Inc. v Koval-Olsen*, 11 AD3d 263, 266 [2004]). Contrary to defendants' argument, the breach of the settlement agreement was not trivial inasmuch as the documents at issue were material to the sale and the continued operation of the subject properties, and defendants were required to produce these books and records at closing in accordance with the clear terms of the agreement (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Marlow, Williams, Catterson and Kavanagh, JJ.