Patterson v Montgomery County (2021 NY Slip Op 01298)





Patterson v Montgomery County


2021 NY Slip Op 01298


Decided on March 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 4, 2021

530324

[*1]Kimberly L. Patterson, Appellant,
v
Montgomery County et al., Respondents.

Calendar Date: January 6, 2021

Before: Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Bond, Schoeneck & King, PLLC, Utica (Raymond A. Meier of counsel), for appellant.
Meghan M. Manion, County Attorney, Fonda, for Montgomery County and another, respondents.
Dunn & Dunn, PLLC, Palatine Bridge (Gregory T. Dunn of counsel), for Village of Nelliston, respondent.



Aarons, J.
Appeal from an order of the Supreme Court (Catena, J.), entered October 7, 2019 in Montgomery County, which granted a motion by defendants Montgomery County and Montgomery County Sanitary District No. 1 to, among other things, enforce a settlement agreement.
In 2009, plaintiff commenced this action claiming ownership of a parcel of land located in Montgomery County. The parties, along with a nonparty who had also claimed ownership over the land, entered into a "So Ordered Stipulation and Settlement Agreement" in 2015 wherein plaintiff would quitclaim title of the land to defendants Montgomery County and Montgomery County Sanitary District No. 1 (hereinafter collectively referred to as the County defendants). In return, the County defendants would pay plaintiff $250,000, which was to be held in a settlement fund upon specified conditions. One condition was that plaintiff represented and warranted that the land was cleaned in accordance with prior consent orders issued by the Department of Environmental Conservation. The County defendants hired C & S Engineers, Inc. to assess the environmental conditions of the land. In a 2017 report, C & S concluded that the land had contaminated soil and that plaintiff and the nonparty had not addressed the requirements of one of the Department of Environmental Conservation's consent orders.
The County defendants thereafter moved to enforce the settlement agreement and for counsel fees. After a series of conferences, Supreme Court directed that some of the settlement funds be used to retain C & S to determine the estimated cost to remove the contamination in the subject land. In 2019, C & S prepared a report that provided various estimates for the cleanup cost, which was later amended. The court granted the County defendants' motion finding that plaintiff breached the settlement agreement and ordered that the County defendants accept title to the land subject to one of the estimates provided by C & S. The court also awarded counsel fees in favor of the County defendants. Plaintiff appeals. We affirm.
Plaintiff contends that Supreme Court lacked jurisdiction to entertain the motion because the settlement agreement terminated the action, thereby requiring a separate plenary action to enforce it.[FN1] The settlement agreement stated that it "shall constitute the final judgment of the [c]ourt . . . and shall settle and declare the rights of the [p]arties in accordance with [its] terms and conditions." However, it also stated that it "settle[d] all claims of all [p]arties . . . which could have been made a part of the litigation, and including any other potential or future claims which may or could be made arising out of the same facts, situations or transactions . . . except the right to enforce [the settlement agreement]." The settlement agreement additionally stated that "[t]he [c]ourt shall maintain jurisdiction to enforce . . . this [settlement agreement] as necessary." In view of this language, the settlement [*2]agreement, contrary to plaintiff's argument, did not terminate the action.[FN2] Accordingly, a separate plenary action was not necessary to enforce the terms of the settlement agreement (see Hopper v Lockey, 8 AD3d 802, 803 [2004]; Aaron v Aaron, 2 AD3d 942, 943-944 [2003]; Nikolaus v Gasiorowski, 72 AD2d 834, 835 [1979]; compare Matter of Village of Greenwood Lake v Mountain Lake Estates, 189 AD2d 987, 988 [1993], lv dismissed 81 NY2d 1006 [1993]).
Finally, plaintiff's challenge to the awarded counsel fees is unpreserved given that it is improperly raised for the first time on appeal (see Matter of Carol S. [Christine T.-Mary AA.], 68 AD3d 1337, 1339 [2009]). Plaintiff's remaining contentions have been considered and are without merit.
Egan Jr., J.P., Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The County defendants argue that this contention is unpreserved. To the extent that plaintiff's contention implicates Supreme Court's subject matter jurisdiction, it may be raised for the first time on appeal (see Burke v Aspland, 56 AD3d 1001, 1003 [2008], lv denied 12 NY3d 709 [2009]).

Footnote 2: We also note that, although the settlement agreement contemplated that a stipulation of discontinuance would be filed upon the so-ordering of the settlement agreement, no stipulation of discontinuance was filed.