Laun v Stewart (2026 NY Slip Op 01883)

Laun v Stewart

2026 NY Slip Op 01883

Decided on March 27, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to
revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, GREENWOOD, AND
HANNAH, JJ.

132 CA 25-00732

[*1]EUGENE LAUN, JR., INDIVIDUALLY, AND
DERIVATIVELY ON BEHALF OF 5 & 20 MARINE, LLC,
PLAINTIFF-APPELLANT-RESPONDENT,
vJOHN STEWART, ROBERT STIVERS AND DONNA STIVERS,
DEFENDANTS-RESPONDENTS-APPELLANTS. 

GREGORY L. SILVERMAN, ESQ., PLLC, GENEVA (GREGORY L.
SILVERMAN OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT. 
SCHIARO LAW OFFICE P.C., ROCHESTER (CHRISTOPHER A. SCHIANO OF
COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT JOHN
STEWART.
SANTIAGO BURGER LLP, ROCHESTER (FERNANDO SANTIAGO OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS ROBERT
STIVERS AND DONNA STIVERS. 

 Appeal and cross-appeals from an order of the Supreme Court, Seneca County
(Daniel J. Doyle, J.), entered October 10, 2024. The order denied the motions of the
parties for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on
the law by granting those parts of the motion of defendants Robert Stivers and Donna
Stivers seeking summary judgment on their fifth counterclaim and seeking summary
judgment dismissing the fourth, fifth, and sixth causes of action against them, and by
granting those parts of the motion of defendant John Stewart seeking summary judgment
dismissing the first, third, fifth, sixth, and eighteenth causes of action against him, and as
modified the order is affirmed without costs.
Memorandum: Plaintiff, individually and derivatively on behalf of 5 & 20
Marine, LLC (the LLC), commenced this action against defendants, John Stewart, Robert
Stivers, and Donna Stivers, seeking damages for, inter alia, breach of contract, breach of
the covenant of good faith and fair dealing, and breach of fiduciary duty. Plaintiff and
Robert Stivers (Stivers) started a business flipping houses and opened joint accounts to
further that venture. Stewart owned a marina that was in a deteriorated condition, and
Stivers approached him seeking to purchase it. Stewart agreed to lease the marina to
Stivers and Donna Stivers (collectively, Stivers defendants) and plaintiff for a period of
five years, with an option to purchase. Approximately a year and half before the five-year
period expired, plaintiff and the Stivers defendants had a falling out and effectively ended
their business relationship. When the end of the five-year lease period approached,
plaintiff's attorney reached out to Stewart's attorney to indicate that plaintiff was prepared
to exercise the purchase option in his sole name or with the Stivers defendants. The
Stivers defendants also reached out to Stewart to express their interest in purchasing the
property from him, without plaintiff. The option was not exercised before the end of the
five-year lease period and, shortly thereafter, the Stivers defendants purchased the
property from Stewart.
Plaintiff commenced this action and asserted the following relevant causes of action:
breach of contract by Stewart (first); breach of the covenant of good faith and fair dealing
by Stewart (third); tortious interference with contract by the Stivers defendants (fourth);
determination of claims to real property (fifth); cancellation of the deed (sixth); breach of
fiduciary duty by the Stivers defendants (twelfth and seventeenth); and aiding and
abetting breach of fiduciary duty by Stewart (eighteenth). The Stivers defendants moved
for summary [*2]judgment dismissing the fourth, fifth,
sixth, and seventeenth causes of action against them and for summary judgment on their
counterclaim seeking reformation of the lease. Stewart moved for, inter alia, summary
judgment dismissing the first, third, fifth, sixth, and eighteenth causes of action against
him and joined in that part of the Stivers defendants' motion seeking to reform the lease.
Plaintiff moved for partial summary judgment on the third and eighteenth causes of action
against Stewart and the twelfth and seventeenth causes of action against the Stivers
defendants. Supreme Court denied all motions in their entirety. Plaintiff now appeals and
Stewart and the Stivers defendants separately cross-appeal.
We agree with defendants in their cross-appeals that the court erred in denying those
parts of their motions seeking to reform the lease, and we therefore modify the order by
dismissing the first, fourth, fifth, and sixth causes of action. There is a "heavy
presumption that a deliberately prepared and executed written instrument manifest[s] the
true intention of the parties" (George Backer Mgt. Corp. v Acme Quilting Co., 46
NY2d 211, 219 [1978]), and "a correspondingly high order of evidence is required to
overcome that presumption" (Chimart Assoc. v Paul, 66 NY2d 570, 574 [1986]).
However, "[i]n the proper circumstances, mutual mistake or fraud may furnish the basis
for reforming a written agreement" (id. at 573; see George Backer Mgt.
Corp., 46 NY2d at 218-219). "In a case of mutual mistake, the parties have reached
an oral agreement and, unknown to either, the signed writing does not express that
agreement" (Chimart Assoc., 66 NY2d at 573; see Harris v Uhlendorf, 24
NY2d 463, 467 [1969]; Stache
Invs. Corp. v Ciolek, 174 AD3d 1393, 1394 [4th Dept 2019]). Thus, " '[w]here
there is no mistake about the agreement and the only mistake alleged is in the reduction of
that agreement to writing, such mistake of the scrivener, or of either party, no matter how
it occurred, may be corrected' " (Harris, 24 NY2d at 467; see George Backer
Mgt. Corp., 46 NY2d at 219). "Because the thrust of a reformation claim is that a
writing does not set forth the actual agreement of the parties, generally neither the parol
evidence rule nor the Statute of Frauds applies to bar proof" (Chimart Assoc., 66
NY2d at 573; see Stache Invs. Corp., 174 AD3d at 1394).
The lease entered into by the parties, drafted by Stivers, was for a term of one year,
from October 15, 2016 to October 14, 2017, with the option to renew "on an annual basis
for five (5) separate, annual one (1) year periods of time." Thus, a plain reading of the
contract shows that the term of the lease plus the option years would be a total of six
years. However, the Stivers defendants submitted in support of their motion the
deposition testimony of Stewart and plaintiff and the affidavits of the Stivers defendants.
All the parties testified or stated that, at the time they signed the lease, they intended the
term of the lease to be five years. We therefore conclude that defendants established their
entitlement to reformation of the lease to a total period of five years, including the term of
the lease and the option years.
Contrary to plaintiff's contention, his deposition testimony and statement in his
affirmation in opposition to the motion did not raise a triable issue of fact. He testified
that, after the parties signed the lease, he looked it over and recognized the error and told
Stivers how it read. He testified that Stivers looked at him and said "Okay. That's our ace
in the hole." He gave a similar recounting of the conversation in his affirmation, adding
that he asked Stivers whether they should tell Stewart that the lease read as a six-year
term, and Stivers responded no. In a reply affidavit in support of the Stivers defendants'
motion, Stivers denied that this conversation ever occurred. Viewing the evidence in the
light most favorable to plaintiff as the nonmoving party (see Vega v Restani Constr.
Corp., 18 NY3d 499, 503 [2012]), we conclude that Stivers's statements showed,
at most, that he learned of the mistake after the lease was signed, and plaintiff's
contention that Stivers's statements showed an intention at the time of signing for the
lease period to be six years is based on mere speculation. There was no statement by
Stivers that he was aware that the lease read as a six-year lease at the time the lease was
executed. In addition, there was no evidence of the parties' conduct after execution by
which we could reasonably infer that any party believed the lease term was six years. To
the contrary, all parties acted with urgency shortly before five years after the lease was
signed to address the option deadline.
We reject plaintiff's contention in his appeal that he is entitled to partial summary
judgment on the third and eighteenth causes of action against Stewart, and we agree with
Stewart in his cross-appeal that the court erred in denying that part of his motion seeking
dismissal of those causes of action. We therefore further modify the order accordingly.
"[A]ll contracts imply a covenant of good faith and fair dealing in the course of
performance" (511 W. 232nd [*3]Owners Corp. v
Jennifer Realty Co., 98 NY2d 144, 153 [2002]; see Dalton v Educational Testing
Serv., 87 NY2d 384, 389 [1995]). The "covenant embraces a pledge that 'neither
party shall do anything which will have the effect of destroying or injuring the right of the
other party to receive the fruits of the contract' " (511 W. 232nd Owners Corp., 98 NY2d at 153; see Dalton, 87 NY2d at 389;
Paramax Corp. v VoIP Supply, LLC, 175 AD3d 939, 940-941 [4th Dept
2019]).
Plaintiff alleges that Stewart breached the covenant of good faith and fair dealing as
well as aided and abetted the Stivers defendants' alleged breach of fiduciary duty, by
agreeing before the option deadline to sell the property to the Stivers defendants after the
deadline expired. In support of his motion, Stewart submitted evidence establishing that
the business and personal relationship between plaintiff and the Stivers defendants ended
in May 2020 and that both plaintiff and the Stivers defendants reached out to him
before the option deadline to express interest in exercising the option without the other
party. Stewart submitted further evidence, including his deposition testimony and letters
sent to the parties, establishing that he would not agree to allow just one party to exercise
the option. It was not until the lease, and thus the option, expired that he sold the property
to the Stivers defendants. Stewart thus established that nothing he did had " 'the effect of
destroying or injuring the right of the other party to receive the fruits of the contract' "
(511 W. 232nd Owners Corp., 98 NY2d at 153). Contrary to plaintiff's
contention, Stewart's testimony regarding the conversations he had with the Stivers
defendants about selling the marina did not establish that he hindered or prevented
plaintiff and the Stivers defendants from exercising the option together. When the Stivers
defendants asked Stewart whether he would be willing to sell the marina to them if the
option was not exercised, he simply told them that it would depend on whether the terms
of the sale were similar to those set forth in the lease and that he would consider it. His
testimony therefore did not show that an agreement had been made with the Stivers
defendants prior to the lease period and the option expiring.
Contrary to the contentions of plaintiff in his appeal and the Stivers defendants in
their cross-appeal, respectively, plaintiff was not entitled to summary judgment on the
breach of fiduciary duty cause of action as stated in the seventeenth cause of action, and
the Stivers defendants were not entitled to summary judgment dismissing that cause of
action. We note that, although plaintiff moved for partial summary judgment on the
twelfth cause of action, which also alleged breach of fiduciary duty, he makes no
argument in his brief regarding it. Plaintiff alleges that the Stivers defendants breached
their fiduciary duties by excluding him from their purchase of the marina. The elements
of a cause of action for breach of fiduciary duty are " '(1) the existence of a fiduciary
relationship, (2) misconduct by the defendant, and (3) damages directly caused by the
defendant's misconduct' " (Golobe v Mielnicki, 44 NY3d 86, 93 [2025], rearg
denied 43 NY3d 1013 [2025]; see South Shore Eye Care, LLP v Lane, 242 AD3d
792, 796 [2d Dept 2025]; Cohen & Lombardo, P.C. v Connors, 169 AD3d
1399, 1400-1401 [4th Dept 2019]; McGuire v Huntress [appeal No. 2], 83
AD3d 1418, 1420 [4th Dept 2011], lv denied 17 NY3d 712 [2011]). "[A]
'fiduciary relationship arises between two persons when one of them is under a duty to act
for or to give advice for the benefit of another upon matters within the scope of the
relation' " (Oddo Asset Mgt. v
Barclays Bank PLC, 19 NY3d 584, 592-593 [2012], rearg denied 19
NY3d 1065 [2012]).
Plaintiff alleges, inter alia, that the Stivers defendants owed him a fiduciary duty as
either a joint venturer or as a member of the LLC. "A joint venture is an association of
two or more persons to carry out a single business enterprise for profit, for which purpose
they combine their property, money, effects, skill and knowledge" (IPA Asset
Mgt., LLC v Schuman,
239 AD3d 619, 621 [2d Dept 2025] [internal quotation marks omitted]). "The
essential elements of a joint venture are an agreement manifesting the intent of the parties
to be associated as joint venturers, a contribution by the coventurers to the joint
undertaking (i.e., a combination of property, financial resources, effort, skill or
knowledge), some degree of joint proprietorship and control over the enterprise[,] and a
provision for the sharing of profits and losses" (id. at 621-622 [internal quotation
marks omitted]; see Alper Rest., Inc. v Catamount Dev. Corp., 137 AD3d 1559, 1561 [3d
Dept 2016]; Richbell Info. Servs. v Jupiter Partners, 309 AD2d 288, 298 [1st
Dept 2003]). " 'An agreement to enter into a joint venture may be oral and may be
inferred from the totality of the parties' conduct in performance of the joint venture' "
(IPA Asset Mgt., LLC, 239 AD3d at 622).
Although we agree with the Stivers defendants that plaintiff did not plead the
existence of [*4]a joint venture in the amended complaint,
he pleaded facts from which a joint venture can be inferred. Plaintiff alleges that he and
the Stivers defendants formed the LLC to make improvements to and operate their
business at the marina. He further alleges that he and the Stivers defendants contributed
capital from the proceeds of their business flipping houses into the LLC and contributed
labor to make improvements to the marina.
Contrary to the contentions of the parties, there is an issue of fact whether the joint
venture was terminated at the time the Stivers defendants purchased the property. In
general, if there is no written agreement setting forth the duration of a joint venture
agreement, it is terminable at will by either party (see Weisman v Awnair Corp. of
Am., 3 NY2d 444, 450 [1957]; Rutecki v Gow & Co., 289 AD2d 1066,
1067 [4th Dept 2001]). However, " 'where a partnership has for its object the completion
of a specified piece of work, or the effecting of a specified result, it will be presumed that
the parties intended the relation to continue until the object has been accomplished' "
(Hooker Chems. & Plastics Corp. v International Mins. & Chem. Corp.,
90 AD2d 991, 991 [4th Dept 1982]; see generally Meinhard v Salmon, 249 NY
458, 463-464 [1928]; Mendelovitz v Cohen, 66 AD3d 849, 850 [2d Dept 2009]).
"Whether the relationship is at will or for a fixed term or until the accomplishment of a
particular undertaking is a question of fact" (Hooker Chems. & Plastics
Corp., 90 AD2d at 991-992). We further conclude that there are issues of fact
whether the LLC was terminated at the time the Stivers defendants purchased the property
and whether the Stivers defendants breached their fiduciary duty to plaintiff as either joint
venturers or members of the LLC by not exercising the option with plaintiff and thereafter
purchasing the property from Stewart.
We have reviewed plaintiff's remaining contention and conclude that it lacks
merit.
Entered: March 27, 2026
Ann Dillon Flynn
Clerk of the Court