■ In the Matter of ERIN WISE, Appellant, v. JERRY D. WISE, Respondent. COUNTY OF NASSAU, Respondent.— Appeal by petitioner from an order of the Family Court, Nassau County, dated January 9, 1969, which denied her motion for leave to appeal to this court as a poor person from a previous order of the same court denying her motion to increase the amount of support for two infant children of the parties. Order reversed, on the law and the facts, without costs, and motion for leave to appeal as a poor person granted. Both sides have briefed the appeal on the assumption that the order of January 9, 1969 is appealable; and the question of appealability has not been litigated. We consequently do not reach or determine the issue of appealability. In our opinion it was an improvident exercise of discretion to deny petitioner's motion for leave to appeal as a poor person (*Jenks* v. *Murphy*, 21 A D 2d 346). Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.

■ BERNARD KRINSKY, Respondent, v. NORMAN K. WINSTON et al., Appellants.— In an action by a partner or joint adventurer against his other partners or joint adventurers and others, *inter alia*, to adjudge that the partnership or venture is entitled to certain land, pursuant to the terms of oral agreements, defendants appeal from an order of the Supreme Court, Suffolk County, dated June 17, 1968, which denied their motion for summary judgment dismissing the complaint on the ground that plaintiff's claims are barred by the applicable Statutes of Fraud (General Obligations Law, § 5–701, subd. 1; § 5–703). Order affirmed, without costs. Seemingly, the oral agreements relied upon come within the statutory provision which rendered an oral agreement void if its performance is not to be completed before the end of a lifetime (Personal Property Law, former § 31, subd. 1; now General Obligations Law, § 5–701, subd. 1). However, in our opinion, plaintiff should be afforded a plenary trial to fully explore and develop the extensive and complex real estate dealings of the parties as disclosed in the course of the alleged joint venture. There exists the possibility that proof adduced at a trial may entitle plaintiff to some relief not falling within the interdiction of the statute. In view of the prior intimate relationship between the parties, we do not feel that plaintiff should be foreclosed at the summary judgment stage (*Wilson* v. *La Van*, 22 N Y 2d 131, 135; *Matter of Phalen* v. *Theatrical Protective Union No. 1*, 22 N Y 2d 34, 41; *Sanger* v. *French*, 157 N. Y. 213; cf. *Mattikow* v. *Sudarsky*, 248 N. Y. 404, 407–408; *Dayvault* v. *Baruch Oil Corp.*, 211 F. 2d 335). Christ, Acting P. J., Brennan, Rabin, Hopkins and Kleinfeld, JJ., concur.