■ JAMES SPEAR, Respondent, v PLAZA SOUND STUDIOS, INC., et al., Appellants.—In an action (1) to recover damages for breach of contract and (2) for an accounting, the defendants appeal from a judgment of the Supreme Court, Nassau County, entered April 6, 1977, which is in favor of the plaintiff and against the defendants in the principal amount of $10,000, after a nonjury trial. Judgment affirmed, with costs. The plaintiff and the defendants entered into an agreement, drawn by the defendants' attorney, under which the plaintiff paid the sum of $10,000 as part of the purchase price of $15,000 for a 5% stock interest in the corporate defendant, the remaining $5,000 to be paid from the profits of the corporate defendant. The plaintiff agreed to be employed by the corporate defendant as an engineer and to devote his full time and effort in that employment. The agreement further provided: "That said stock will be held in trust until such time as the full purchase price of $15,000.00 is made. That in addition thereto, said stock will be subject to a re-purchase agreement with the corporation and Gregory W. Raffa, which would cover any contingencies pertaining to the termination by James Spear of his employment or his retirement and/or death." The plaintiff was employed from April, 1971 until September, 1972, when his employment was terminated because of economic reasons. As the defendants prepared the agreement, any doubt or ambiguity in its terms must be resolved most strongly against them (see *Evelyn Bldg. Corp. v City of New York,* 257 NY 501, 513), and most favorably to the plaintiff (see *Moran v Standard Oil Co.,* 211 NY 187, 196). Here the defendants argue that according to the agreement their obligation to repay plaintiff's $10,000 does not arise unless the plaintiff were to terminate his employment, and that it would not arise in the event they terminated his employment. Such a restricted construction of the defendants' obligation cannot be sustained. It would clearly put the plaintiff at the mercy of the defendants—a result against the general policy of the law (see *Fair Pavilions v First Nat. City Bank,* 19 NY2d 512, 518). The fair construction of the agreement must be, accordingly, that the defendants were responsible for the repayment of plaintiff's $10,000 in the event they terminated his employment, as well as in the event that the plaintiff terminated his employment. Hopkins, J. P., Latham, Margett and Rabin, JJ., concur.

■ FLORENCE SUJECKI, Respondent, v STANLEY O'BRISKIE, Appellant.— In an action, *inter alia,* for ejectment, defendant appeals from an order of the Supreme Court, Nassau County, entered February 5, 1977, which, *inter alia,* granted plaintiff's motion for summary judgment and awarded her possession of the subject premises to the exclusion of the defendant. The appeal also brings up for review a resettled order of the same court, dated August 1, 1977 (see CPLR 5517). Appeal from the order entered February 15, 1977 dismissed as academic, without costs or disbursements. That order was superseded by the resettled order. Resettled order reversed, on the law, without costs or disbursements, and plaintiff's motion for summary judgment denied. There exists the possibility that proof adduced at a plenary trial may entitle the defendant to some relief not falling within the interdiction of the statute (see *Sinclair v Purdy,* 235 NY 245). "In view of the prior intimate relationship between the parties, we do not feel that the defendant should be foreclosed at the summary judgment stage" *(Krinsky v Winston,* 32 AD2d 552). Margett, J. P., Shapiro, Titone and O'Connor, JJ., concur.