■ TIMBERLINE R & G BUILDING COMPANY, INC., Appellant, v GAIL SIGURJONSSON et al., Respondents.—Levine, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Dickinson, J.), entered August 29, 1988 in Putnam County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover for the alleged violation of a joint venture agreement which plaintiff claims existed between its corporate officers and defendants Gail Sigurjonsson and Reynir Sigurjonsson (hereinafter collectively referred to as defendants). In its complaint, plaintiff alleges that it entered into a joint venture agreement with defendants concerning the purchase of a tract of land in the Town of Carmel, Putnam County, that the property was to be subdivided and sold, and it was agreed that plaintiff and defendants would share in the profits or losses. Plaintiff further alleges that it contributed $7,500, one half of the purchase price of the property, and also contributed toward other expenses associated with obtaining a subdivision of the property. According to plaintiff, defendants took title to the property in their own names as tenants by the entirety, obtained the subdivision without plaintiff's knowledge, and in August 1987 sold off one of the lots for $100,000 and conveyed the second lot to Reynir Sigurjonsson and defendant Sigurbjorn Sigurjonsson, Reynir's father.

In their answer, defendants denied that a joint venture agreement existed and alleged that any moneys received by them were personal loans between Reynir Sigurjonsson and his uncle, Gunnar Sigurjonsson, who is also plaintiff's president.

After engaging in some pretrial discovery, defendants moved for summary judgment dismissing the complaint. In support of their motion, defendants submitted their own affidavits denying the existence of a joint venture agreement. Defendants also submitted other evidence, such as checks,

bills and a copy of the order permitting the lot to be subdivided, in support of their contention that plaintiff never exercised any indicia of ownership or control over the property.

In opposition to the motion, plaintiff submitted the affidavits of its officers Gunnar Sigurjonsson and Robby Teichman which reiterated in substance the allegations contained in the complaint. In addition, plaintiff submitted an unsigned, handwritten note of Gail Sigurjonsson which showed capital contributions toward the purchase of the land to be divided equally between "Gail and Reynir" and "Robby and Gunnar". The note also reflected a similar 50-50 division of an $800 debt which plaintiff contends was for engineering services associated with the anticipated subdivision of the property.

Supreme Court granted defendants' motion for summary judgment finding that there was insufficient evidence that the parties intended to share profits and losses and that the evidence established nothing more than a loan from plaintiff to defendants. This appeal by plaintiff ensued.

Supreme Court's order must be reversed. The opposing affidavits by plaintiff's officers incorporated by reference the allegations set forth in the complaint which included the unequivocal statement that the parties agreed to engage in a joint venture in the purchase and resale of the property and "to share in the profits and losses thereof". Plaintiff's contribution of capital is undisputed and this, combined with the averments that the parties agreed to joint ownership of the property and to share in the profits or losses, satisfy the requisite elements of a joint venture (see, 16 NY Jur 2d, Business Relationships, §§ 1581-1586, at 257-263). Thus, in our view, these affidavits are clearly sufficient to create triable issues of fact concerning the existence of an enforceable oral joint venture agreement (see, Blank v Nadler, 143 AD2d 966; Krinsky v Winston, 32 AD2d 552). The credibility issues and conflicting inferences which may be drawn from the evidence adduced thus far must be resolved at trial.

Order reversed, on the law, with costs, and motion denied. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.