■ SHIFRA MENDELOVITZ, Respondent, v ELYAHU COHEN et al., Appellants, et al., Defendant. [886 NYS2d 608]—

In an action, inter alia, to recover damages for breach of a joint venture agreement, the defendants Elyahu Cohen and Alan Fallas appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated September 19, 2008, as denied that branch of their motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleged in her complaint that she and the defendants Elyahu Cohen and Alan Fallas (hereinafter the defendants) entered into an oral joint venture to purchase a building in Brooklyn and to develop it into a design center.

An oral agreement may be sufficient to create a joint venture relationship and the statute of frauds is generally inapplicable thereto (*see Foster v Kovner,* 44 AD3d 23, 27 [2007]; *Blank v Nadler,* 143 AD2d 966, 966-967 [1988]; *Eidelberg v Zellermayer,* 5 AD2d 658, 663 [1958], *affd* 6 NY2d 815 [1959]).

The defendants failed to make a prima facie showing that the parties did not enter into a binding, oral joint venture agreement (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). In support of their showing, they adduced, inter alia, the transcript of the plaintiff's deposition. Accepting the plaintiff's version of the nature and terms of the transaction between the parties (*see Ruthinoski v Brinkman,* 63 AD3d 900, 902 [2009]), we agree with the Supreme Court that, at trial, the plaintiff may yet establish the essential elements of a joint venture by showing an agreement manifesting the intent of the parties to be associated as joint venturers, a contribution by the joint venturers to the undertaking, some degree of joint proprietorship and control over the enterprise, and an understanding with regard to the sharing of profits and losses (*see Tilden of N.J. v Regency Leasing Sys.,* 230 AD2d 784, 786 [1996]; *Ackerman v Landes,* 112 AD2d 1081, 1082 [1985]). Furthermore, the defendants failed to make a prima facie showing that the alleged joint venture agreement was terminable at will which, if true, would entitle them to terminate it without liability (*see Hooker Chems. & Plastics Corp. v International Mins. & Chem. Corp.,* 90 AD2d 991, 991-992 [1982]). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment since the record presents factual issues that must abide a trial (*see Blank v Nadler,* 143 AD2d 966, 967 [1988]; *Ackerman v Landes,* 112 AD2d at 1082-1083).

The defendants' remaining contentions are without merit. Rivera, J.P., Florio, Miller and Austin, JJ., concur. [*See* 20 Misc 3d 1146(A), 2008 NY Slip Op 51893(U).]