# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

651

CA 10-02182

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, GREEN, AND GORSKI, JJ.

---

GRIFFITH ENERGY, INC., PLAINTIFF-RESPONDENT,

V                                            MEMORANDUM AND ORDER

JOANN EVANS, DEFENDANT-APPELLANT.

---

PHILLIPS LYTLE LLP, ROCHESTER (CHAD W. FLANSBURG OF COUNSEL), FOR DEFENDANT-APPELLANT.

LECLAIR KORONA GIORDANO COLE LLP, ROCHESTER (STEVEN E. COLE OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------------------------

Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered February 11, 2010 in a breach of contract action. The order and judgment awarded plaintiff money damages upon a nonjury verdict.

It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff entered into a retailer-dealer agreement (agreement) and commercial lease (lease) with defendant's husband, Norman Evans, on July 1, 1997. Both contracts pertained to the operation of a gasoline station and automobile repair shop (gas station) in Geneseo. The agreement referred to defendant's husband as "Norm Evans d/b/a WINTON-HUMBOLDT SUNOCO) [*sic*] SOUTH" (hereafter, Winton South). After defendant's husband failed to adhere to his obligations under those contracts, plaintiff commenced an action against him with respect to each contract and obtained default judgments totaling $101,043.20. Plaintiff was unable to collect on its judgments against defendant's husband, and it subsequently commenced this action seeking to collect on those judgments from defendant, alleging, inter alia, that the gas station operated as a common-law partnership or joint venture between defendant and her husband. Following a nonjury trial, Supreme Court concluded that the gas station was such a partnership or joint venture and awarded plaintiff, inter alia, damages in the amount of the prior judgments against defendant's husband. We affirm.

Partnerships are governed by the law of agency (*see* Partnership Law § 4 [3]) and, pursuant to Partnership Law § 26 (a) (2), "all partners are liable . . . [j]ointly for all . . . debts and obligations of the partnership . . . ." As the agent of a partnership, a partner's " 'acts may be adopted and enforced by the

partnership as its own' " (*Beizer v Bunsis*, 38 AD3d 813, 814; *see* § 20 [1]).  Partnership Law § 10 (1) defines a partnership as "an association of two or more persons to carry on as co-owners a business for profit . . . ."

Where, as here, "there is no written partnership agreement between the [individuals in question], the court must determine whether a partnership in fact existed from the conduct, intention[] and relationship between [them]" (*Czernicki v Lawniczak*, 74 AD3d 1121, 1124).  "In deciding whether a partnership exists, 'the factors to be considered are the intent of [those individuals] (express or implied), whether there was joint control and management of the business, whether there was a sharing of the profits as well as a sharing of the losses[] and whether there was a combination of property, skill or knowledge' . . . No one factor is determinative; it is necessary to examine the . . . relationship as a whole" (*Kyle v Ford*, 184 AD2d 1036, 1036-1037).

Viewing the evidence in the light most favorable to plaintiff, the prevailing party, we conclude that the court's determination is supported by a fair interpretation of the evidence (*see generally Matter of City of Syracuse Indus. Dev. Agency [Alterm, Inc.]*, 20 AD3d 168, 170).  With respect to the first factor to be considered in determining whether a partnership existed, i.e., the intent of defendant and her husband, the evidence presented at trial included their tax returns and bankruptcy filings.  Those documents repeatedly referred to *defendant* as the proprietor of Winton South.  Indeed, defendant testified at trial that she filed a certificate of doing business under an assumed name in June 1997, reflecting her intent to conduct a business in Geneseo so that her husband could operate that business.  Moreover, defendant's husband testified that he had significant financial problems that prevented him from acquiring assets in his own name.  Consequently, he admitted that Winton South was created in defendant's name and that he contributed his experience and labor to that business.

With respect to the second factor, i.e., whether there was joint control and management of the business, the evidence presented at trial by plaintiff established that defendant was involved in Winton South at least to the extent that she made the decision to close that business.  The evidence presented by defendant demonstrated that her husband either ran or oversaw Winton South's day-to-day affairs and that defendant participated in the financial side of that business to the extent that her signature appeared on payroll and vendor checks.

With respect to the third factor, i.e., whether there was a sharing of the profits as well as a sharing of the losses, the record is unclear concerning the extent to which income and expenses were shared between defendant and her husband.  Inasmuch as defendant and her husband concentrated their joint assets in defendant's name to avoid paying on the judgment entered in a civil action arising from an assault committed by her husband, we nevertheless conclude that the minimal evidence of profit and loss is not dispositive.

With respect to the fourth factor, i.e., whether there was a combination of property, skill or knowledge, we revisit our analysis with respect to the first factor.  The explanation of defendant's financial contribution to Winton South and her husband's input of expertise and labor offered with respect to the first factor applies equally to this factor and demonstrates that the business functioned as a result of the combination of defendant's financial standing and the expertise of her husband.

Defendant contends that the statute of frauds bars enforcement of the agreement and the lease (*see* General Obligations Law § 5-701 [a] [1]).  The statute of frauds is an affirmative defense (*see* CPLR 3018 [b]), and defendant waived that affirmative defense by not pleading it in the amended answer (*see generally Killeen v Crosson*, 284 AD2d 926). In any event, it is of no moment whether the agreement and lease are barred by the statute of frauds inasmuch as this action and appeal concern whether defendant and her husband had a partnership that bound defendant with respect to the agreement and the lease, not whether plaintiff can enforce an oral agreement with defendant.

Entered:  June 10, 2011                    Patricia L. Morgan
                                           Clerk of the Court