SECOND DEPARTMENT, JULY, 2013

(July 3, 2013)

■ MURRAY BREIDBART et al., Respondents, v MELVIN L. WIESENTHAL et al., Defendants, and BROOKLAWN ASSOCIATES et al., Appellants. [969 NYS2d 89]—

In an action, inter alia, to compel partnership accountings and a distribution of partnership assets, the defendants Brooklawn Associates, Britegold Associates, Hanruth Associates, Franclen Associates, Marbob Associates, and Albob Associates appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated April 4, 2012, as granted that branch of the plaintiffs' motion which was for a determination that the gain on the sale of real property sold by the partnerships constitutes "profits" under Partnership Law § 73.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs' motion which was for a determination that the gain on the sale of real property sold by the partnerships constitutes "profits" under Partnership Law § 73 is denied.

At issue in this case is the amount of distributions to be received by the plaintiffs for their interests in partnerships that were dissolved in April 2000 (*see Breidbart v Wiesenthal*, 10 AD3d 346 [2004]). The partnerships owned commercial real estate (*see id.*).

Partnership Law § 73 provides, in relevant part, "[W]hen any partner retires or dies, and the business is continued . . . he or his legal representative . . . shall receive as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership with interest, or, at his option or at the option of his legal representative, in lieu of interest, the profits attributable to the use of his right in the property of the dissolved partnership." In *Breidbart v Wiesenthal* (44 AD3d 985 [2007]), this Court determined that the plaintiffs would have until 30 days after determination of the value of their interests as of the date of dissolution on April 12, 2000, to exercise their options pursuant to Partnership Law § 73 to select interest or profits.

The parcels of real estate owned by the partnerships were sold. In a stipulation dated December 15, 2011, the parties agreed as to their values on April 12, 2000. The plaintiffs elected, under Partnership Law § 73 to receive, in lieu of interest, profits attributable to the use of their right in the properties from April 12, 2000, through the date of judgment.

In *Harold J. Rosen Trust v Rosen* (53 AD2d 342, 357 [1976], *affd* 43 NY2d 693 [1977]), the Appellate Division, Fourth Department, held that the plaintiff's share of the fair market value of a parcel of real property was fixed as of the date the partnership dissolved, and thus determined that the profits the plaintiff was entitled to in that case did not include increases in the value of real property after the date of dissolution. Here, since the partnership dissolved on April 12, 2000, the plaintiffs were not entitled to a share in the appreciation of partnership assets after that date (*see Tarantino v Albert*, 160 AD2d 310 [1990]; *see also Ronan v Valley Stream Realty Co.*, 249 AD2d 288 [1998]). Accordingly, the Supreme Court erred in granting that branch of the plaintiffs' motion which was for a determination that the gain on the sale of real property sold by the partnerships constitutes "profits" under Partnership Law § 73.

In light of our determination, we need not reach the appellants' remaining contention. Rivera, J.P., Dickerson, Leventhal and Hinds-Radix, JJ., concur.