# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  November 12, 2015          520638
_____

HAROLD SCHULTZ,
                    Appellant,
          v                              MEMORANDUM AND ORDER

DAVIDE SAYADA,
                    Respondent.
_____

Calendar Date:   September 9, 2015

Before:  Peters, P.J., Lahtinen, Garry and Rose, JJ.

                    _____

        Crossmore Law Office, Ithaca (Edward Y. Crossmore of
counsel), for appellant.

        Sharon M. Sulimowicz, Ithaca, for respondent.

                    _____

Rose, J.

        Appeal from an order of the Supreme Court (Rumsey, J.),
entered December 22, 2014 in Tompkins County, which, in an action
pursuant to RPAPL article 9, among other things, partially
granted defendant's cross motion declaring that the parties
formed a joint venture that was subsequently dissolved.

        Plaintiff and defendant purchased a six-unit apartment
building as tenants in common in 2002.  They divided the tasks of
showing and leasing the rental units, just as they had done with
two other rental properties that they had previously owned and
eventually sold.  Sometime in 2003, plaintiff decided that he
wanted to sell the property that the parties had purchased in
2002.  When they could not agree, plaintiff abandoned his
management duties and ceased all communication with defendant,
who continued to manage the building on his own.

In 2013, plaintiff commenced this RPAPL article 9 action seeking, among other things, a judgment granting partition and sale of the property and an accounting. Defendant joined issue, alleging, among other things, that the parties had formed a "common-law partnership" to purchase the property, plaintiff had repudiated the partnership in 2003, thereby causing its dissolution and, as a result, plaintiff is entitled only to his share of the value of the property on the date their partnership was dissolved. Following discovery, the parties each moved for summary judgment, and Supreme Court partially granted defendant's cross motion. Plaintiff appeals.

We cannot agree with plaintiff's argument that defendant failed to establish that they purchased the property as coventurers. A joint venture "is in a sense a partnership for a limited purpose, and it has long been recognized that the legal consequences of a joint venture are equivalent to those of a partnership" (Gramercy Equities Corp. v Dumont, 72 NY2d 560, 565 [1988]). "The essential elements of a joint venture are an agreement manifesting the intent of the parties to be associated as joint venturers, a contribution by the coventurers to the joint undertaking (i.e., a combination of property, financial resources, effort, skill or knowledge), some degree of joint proprietorship and control over the enterprise, and a provision for the sharing of profits and losses" (Mawere v Landau, 130 AD3d 986, 988 [2015] [internal quotation marks and citations omitted]; accord Kaufman v Torkan, 51 AD3d 977, 979 [2008]; see Mendelovitz v Cohen, 66 AD3d 849, 850 [2009]). Significantly, the intent of the parties to form a joint venture may be implied from the totality of their conduct (see Richbell Info. Servs. v Jupiter Partners, 309 AD2d 288, 298 [2003]).

Plaintiff fully acknowledges that both he and defendant engaged in the prior ventures, each contributed $25,000 to the purchase price of the apartment building at issue and, together, they financed the remainder with a mortgage loan. Plaintiff further acknowledges that, during the time period in which he was actively involved with the property, he was in charge of showing the apartment units to prospective tenants, and defendant was in charge of executing leases, collecting rents and paying expenses. Although it appears that plaintiff's and defendant's ideas of how

they would manage their investment diverged at some point, at least at the outset they had an understanding manifesting their intent to renovate the property, lease the apartment units and, at some then-undetermined point in the future, sell at a profit. In our view, the evidence of the whole of their relationship amply demonstrates that they entered into a joint venture and were not — as plaintiff contends — mere tenants in common (see Griffith Energy, Inc. v Evans, 85 AD3d 1564, 1565-1566 [2011]; Czernicki v Lawniczak, 74 AD3d 1121, 1125 [2010]; Timberline R & G Bldg. Co. v Sigurjonsson, 161 AD2d 947, 948 [1990]).

The evidence also supports Supreme Court's finding that the joint venture was dissolved as of December 31, 2003, when the parties could no longer agree on the conduct of their enterprise. After that date, defendant "repudiated the [joint venture] by failing to contribute financially or otherwise participate in the real estate operations for a period of [10] years" (Simons v Ross, 309 AD2d 667, 667 [2003]; see Mashihi v 166-25 Hillside Partners, 51 AD3d 738, 738-739 [2008]; see also Partnership Law § 62 [1] [b]). Accordingly, we agree that plaintiff is entitled to his share of the value of the joint venture as of that date (see Breidbart v Wiesenthal, 108 AD3d 492, 493 [2013]; Silvernail v Silvernail, 22 AD3d 970, 971 [2005]).

Finally, we reject plaintiff's claim that he is entitled to an accounting of his interest in the joint venture, as such relief is time-barred by the six-year statute of limitations which began to run no later than December 31, 2003, the date on which Supreme Court properly determined that the joint venture was dissolved (see Mashihi v 166-25 Hillside Partners, 51 AD3d at 739; Mills v O'Donnell, 188 AD2d 692, 693 [1992]; see also CPLR 213 [1]; Partnership Law § 74). To the extent that plaintiff's remaining arguments have not been rendered academic by our decision, we find them to be without merit.

Peters, P.J., Lahtinen and Garry, JJ., concur.

ORDERED that the order is affirmed, with costs.


ENTER:

Robert D. Mayberger
Clerk of the Court