## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: March 31, 2016          521790
_____

ALPER RESTAURANT, INC., Also
   Known as SWISS HUTTE,
   et al.,
                  Appellants,

    v                             MEMORANDUM AND ORDER

CATAMOUNT DEVELOPMENT
   CORPORATION et al.,
                  Respondents,
                  et al.,
                  Defendants.
_____

Calendar Date: February 8, 2016

Before: McCarthy, J.P., Egan Jr., Rose, Devine and Clark, JJ.

_____

     Tuczinski, Cavalier & Gilchrist, PC, Albany (Jonathon B. Tingley of counsel), for appellants.

     Roemer Wallens Gold & Mineaux, LLP, Albany (Matthrew J. Kelly of counsel), for Catamount Development Corporation, respondent.

     Freeman Howard, PC, Hudson (Andrew B. Howard of counsel), for Rock Solid Development, LLC, respondent.

_____

Clark, J.

     Appeal from an order of the Supreme Court (Mott, J.), entered December 8, 2014 in Columbia County, which, among other things, granted a motion by defendant Rock Solid Development, LLC for summary judgment dismissing the complaint against it.

Defendant Catamount Development Corporation owns and operates a seasonal ski area in the Town of Copake, Columbia County. In the early 2000s, Catamount and Neopolis Consulting Company, LLC sought approval to develop and construct a resort hotel on a roughly 10-acre parcel of real property owned by Catamount. Plaintiffs Gert H. Alper and Cynthia W. Alper own and operate plaintiff Alper Restaurant, Inc., also known as Swiss Hutte, on real property that is adjacent to the 10-acre parcel.

In 2005, Neopolis, Catamount and plaintiffs entered into an agreement relating to the construction of a resort hotel. Specifically, plaintiffs and Catamount agreed that they would each convey certain parcels of land (hereinafter referred to as parcels 4 and 5) to Neopolis "to enable Neopolis, at its cost and expense, to construct a road to be dedicated to [defendant] Town [of Copake] for public road purposes." In exchange, the Town was to convey a particular parcel of real property to plaintiffs (hereinafter referred to as parcel 2), and Neopolis agreed to adhere to certain construction restrictions and perform various construction projects that were favorable to plaintiffs, including "construct[ing] a delivery and emergency vehicle access road to the proposed resort hotel." The parties' obligations under the agreement were binding upon and enforceable against their successors and assigns. The Town of Copake Planning Board granted Neopolis conditional site plan approval, but Neopolis ultimately withdrew from the project.

In January 2011, plaintiffs and Catamount "relinquishe[d] all rights, title and interest to any rights of way and easements over and upon the property of [the other party] that it may have acquired by express grant, adverse possession, or use, except existing utility easements." Thereafter, the Alpers, believing that it "was [their] obligation to do so under the 2005 agreement," and Catamount conveyed parcels 4 and 5 to the Town, and the Town conveyed parcel 2 to the Alpers. In 2013, Catamount and defendant Rock Solid Development, LLC — "a holding company for development activities" that was established in 2012 — applied for grant funding and various municipal approvals to construct a resort hotel on Catamount's land. The plans associated with the project did not include the construction of a secondary access road.

Plaintiffs commenced this action against Catamount and Rock Solid, among others, seeking specific performance of the 2005 agreement or, alternatively, damages for breach of contract. Following joinder of issue, but prior to discovery, Rock Solid moved for summary judgment dismissing the complaint against it, on the basis that it was not in privity of contract with plaintiffs, and seeking an award of costs and/or sanctions pursuant to 22 NYCRR 130.1-1. Supreme Court granted Rock Solid's motion for summary judgment dismissing the complaint against it, but denied its request for costs and/or sanctions. Plaintiffs appeal.

In their complaint, plaintiffs alleged that Rock Solid was bound by the 2005 agreement as Catamount's joint venturer or partner. Liability under a contract can arise in the absence of privity where it is established that the defendant is in a joint venture or partnership with a signatory to the contract (see Partnership Law § 28; Griffith Energy, Inc. v Evans, 85 AD3d 1564, 1565-1566 [2011]). "A joint venture is an association of two or more persons to carry out a single business enterprise for profit, for which purpose they combine their property, money, effects, skill and knowledge" (Kaufman v Torkan, 51 AD3d 977, 979 [2008] [internal quotation marks and citation omitted]; see Gramercy Equities Corp. v Dumont, 72 NY2d 560, 565 [1988]; Ackerman v Landes, 112 AD2d 1081, 1082 [1985]). "The essential elements of a joint venture are an agreement manifesting the intent of the parties to be associated as joint venturers, a contribution by the coventurers to the joint undertaking (i.e., a combination of property, financial resources, effort, skill or knowledge), some degree of joint proprietorship and control over the enterprise; and a provision for the sharing of profits and losses" (Schultz v Sayada, 133 AD3d 1015, 1016 [2015] [internal quotation marks and citation omitted]; see Clarke v Sky Express, Inc., 118 AD3d 935, 935 [2014]).

Here, Supreme Court concluded that Rock Solid established its prima facie entitlement to summary judgment as a matter of law by demonstrating that it was not a party to the 2005 agreement or a successor to Neopolis. While Rock Solid's submissions on the motion did establish that it "ha[d] not purchased, acquired and/or assumed" Neopolis and that Neopolis

was still in existence at the time of the motion, the court failed to address whether Rock Solid satisfied its additional burden to refute plaintiffs' assertions in the complaint that Rock Solid was Catamount's joint venturer or partner.  Had the court performed such an inquiry, it would have discovered that Rock Solid did not submit any evidence to that effect and that, in fact, Rock Solid's own submission raised a question of fact as to the nature of its relationship with Catamount.  Specifically, Rock Solid submitted a grant funding application stating that Catamount was one of its "development partners" and that, upon receipt of the grant, a new development entity would be formed and each partner would "be contributing equity (cash or land) as well as their expertise."  Accordingly, inasmuch as Rock Solid failed to satisfy its initial burden on the motion by tendering sufficient evidence to demonstrate the absence of any material issues of fact as to whether it was in a joint venture or partnership with Catamount, Supreme Court improperly granted Rock Solid's motion for summary judgment dismissing the complaint against it (see Mendelovitz v Cohen, 66 AD3d 849, 850 [2009]; compare Village of Wellsville v Village of Andover, 231 AD2d 870, 870-871 [1996]).

We have reviewed Rock Solid's and Catamount's alternate arguments for affirmance, including their assertion that this action was not the proper vehicle for plaintiffs to enforce their rights under the 2005 agreement, and find them to be without merit.

McCarthy, J.P., Egan Jr., Rose and Devine, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion of defendant Rock Solid Development, LLC for summary judgment dismissing the complaint against it; said motion denied; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court