Leonard v Cummins (2021 NY Slip Op 04269)





Leonard v Cummins


2021 NY Slip Op 04269


Decided on July 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 8, 2021

531497
[*1]Alan Leonard, Appellant-Respondent,
v
Stephen Cummins, Respondent-Appellant.

Calendar Date:June 3, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Coughlin & Gerhart, LLP, Ithaca (Dirk A. Galbraith of counsel), for appellant-respondent.
Miller Mayer, LLP, Ithaca (Adam R. Schaye of counsel), for respondent-appellant.



Pritzker, J.
Cross appeals from an order of the Supreme Court (Keene, J.), entered May 8, 2020 in Tompkins County, which partially granted defendant's motion to dismiss the complaint.
Defendant is the owner of certain real property (hereinafter the farm) on which he operates a tree farm and farm stand business. Plaintiff alleges that, sometime in 2004, he and defendant entered into a business partnership, although their agreement was never reduced to writing. According to plaintiff, he thereafter complied with all the terms of the agreement. On December 1, 2018, following several years of disagreements between them, defendant asked plaintiff to leave the partnership.
Plaintiff commenced the present action demanding various relief associated with the alleged partnership, including declarations that he and defendant had formed a partnership, that the farm was the property of the partnership, and that the partnership had been dissolved. Plaintiff also sought the appointment of a receiver for an accounting of the parties' respective interests in the partnership, as well as related injunctive relief. Defendant answered and set forth several affirmative defenses. Defendant thereafter moved to dismiss the complaint, in its entirety, for failure to state a cause of action. In the event that the complaint was not dismissed, defendant moved to dismiss that part of the complaint that sought a declaration that the farm was property of the partnership [FN1] based on the statute of limitations and the statute of frauds (see CPLR 3211 [a] [5], [7]). Plaintiff opposed the motion. Supreme Court found that the complaint stated a cause of action and that the part of plaintiff's complaint as sought a declaration that the farm was property of the partnership was not time-barred and, as such, denied the motion to said extent. However, the court found that plaintiff's claim seeking said declaration was barred by the statute of frauds and granted the motion to that extent. Plaintiff appeals from that part of the court's order that dismissed the claim related to the farm based upon the statute of frauds, and defendant cross-appeals from that part of the order as declined to dismiss the entire complaint for failure to state a cause of action and as found that the statute of limitations did not bar plaintiff's claim seeking the above declaration.
Turning first to defendant's cross appeal, defendant contends that Supreme Court erred in denying that branch of his motion that sought to dismiss the entire complaint for failure to state a cause of action. To determine whether a complaint states a cause of action, this Court "afford[s] the complaint a liberal construction, accept[s] the facts alleged as true, accord[s] the plaintiff the benefit of every favorable inference and determine[s] only whether the alleged facts fit within any cognizable legal theory" (Gagnon v Village of Cooperstown, N.Y., 189 AD3d 1724, 1725 [2020] [citations omitted]; see He v Apple, Inc., 189 AD3d 1984[*2], 1984-1985 [2020]). "A partnership is an association of two or more persons to carry on as co-owners a business for profit" (Partnership Law § 10 [1]). "Where, as here, there is no written partnership agreement between the parties, a court looks to the parties' conduct, intent, and relationship to determine whether a partnership existed in fact. The relevant factors are (1) the parties' intent, whether express or implied; (2) whether there was joint control and management of the business; (3) whether the parties shared both profits and losses; and (4) whether the parties combined their property, skill, or knowledge" (Hammond v Smith, 151 AD3d 1896, 1897 [2017] [citations omitted]; see Sterling v Sterling, 21 AD3d 663, 665 [2005]).
In his complaint, plaintiff alleges that he and defendant entered into a verbal agreement to form an equal partnership for the purpose of conducting a tree farm and farm stand business. Defendant agreed to contribute the farm and the business assets, equipment and inventory to the partnership and plaintiff agreed to devote his time and effort to the partnership, including by moving onto the farm. Plaintiff and defendant were to share equally in the profits and losses of the business. Plaintiff left his graduate studies at Cornell University, moved to the farm, had full access to the partnership books and records, including being a signatory on the accounts, and eventually made a capital contribution of $55,000 to the partnership.
Given the foregoing, we agree with Supreme Court that plaintiff's complaint states a cause of action sufficient for a declaration that a partnership was formed. Accepting all of the facts alleged in the complaint as true, plaintiff and defendant agreed to carry on the tree farm and farm stand business together and equally share in its profits and losses. Plaintiff had access and control over the business accounts, lived on the farm and devoted his full energies to it for over a decade. Plaintiff contributed time, effort and skill as well as $55,000 (see Alper Rest., Inc. v Catamount Dev. Corp., 137 AD3d 1559, 1561 [2016]). Therefore, affording the complaint a liberal construction, plaintiff properly alleged that a partnership had been formed and Supreme Court did not err by denying defendant's motion to dismiss the complaint for failure to state a cause of action (see CPLR 3211 [a] [7]; Gagnon v Village of Cooperstown, N.Y., 189 AD3d at 1725-1726).[FN2]
Defendant also argues that Supreme Court erred in denying that portion of his motion as sought to dismiss plaintiff's claim seeking a declaration that the farm is property of the partnership, as said claim is barred by the statute of limitations. An action based on an interest in real property is subject to a six-year statute of limitations which begins to run from when the defendant wrongfully refuses to convey title (see CPLR 213 [4]; Benn v Benn, 82 AD3d 548, 549 [2011]). Additionally, an action for an accounting of interest in [*3]a partnership is subject to a six-year statute of limitations (see CPLR 213 [1]; Schultz v Sayada, 133 AD3d 1015, 1017 [2015]). This statute of limitations begins to run on "the date of dissolution" of the partnership (Partnership Law § 74; see Schultz v Sayada, 133 AD3d at 1017).
According to the complaint, plaintiff and defendant entered into an oral partnership agreement that included the farm sometime in 2004. At the time, defendant promised that they would reduce their agreement to writing at a later date. Beginning in 2009 and "from time to time thereafter," plaintiff requested that the agreement be reduced to writing and the farm be transferred to the partnership, but defendant demurred. Defendant demanded that plaintiff cease partnership business and leave the premises on December 1, 2018. The complaint was filed on November 8, 2019. Given that the complaint clearly states that it is an action for an accounting and the partnership dissolved on December 1, 2018, the complaint was brought well within the six-year statute of limitations (see CPLR 213 [1]; Partnership Law § 74; compare Schultz v Sayada, 133 AD3d at 1017). Therefore, Supreme Court properly determined that the action was not barred by the statute of limitations and denied defendant's motion to dismiss on this ground (see Partnership Law § 74; compare Schultz v Sayada, 133 AD3d at 1017; Mills v O'Donnell, 188 AD2d 692, 693 [1992]).
We turn now to plaintiff's appeal, in which he contends that Supreme Court erred in determining that the statute of frauds precluded a finding that the farm was the property of the partnership because the part performance exception does not apply. Initially, as a threshold matter, because plaintiff asserts that his interest in the farm stems from defendant's representation that he would convey the farm to the partnership, this agreement falls squarely within the statute of frauds (see Najjar v National Kinney Corp., 96 AD2d 836, 836 [1983]; Pounds v Egbert, 117 App Div 756, 759 [1907]; compare Johnson v Johnson, 111 AD2d 1005, 1006-1007 [1985]). However, plaintiff argues that the part performance exception to the statute of frauds is applicable.
"General Obligations Law § 5-703 (4) has carved out an exception to the statute of frauds to permit courts of equity to compel the specific performance of agreements in cases of part performance" (Wells v Hodgkins, 150 AD3d 1449, 1450 [2017] [internal quotation marks and citations omitted]; see Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group, 93 NY2d 229, 235 [1999]). "A party's partial performance of an alleged oral contract will be deemed sufficient to take such contract out of the statute of frauds only if it can be demonstrated that the acts constituting partial performance are unequivocally referable to said contract" (Sivos v Eppich, 78 AD3d 1360, 1361 [2010] [internal quotation marks, brackets and citations omitted]; see Pinkava v Yurkiw, 64 AD3d 690, 692 [2009]).
In [*4]his complaint, plaintiff alleges that he drastically changed his behavior after the agreement, including leaving his studies at Cornell University to devote his full attention to the partnership. Plaintiff also claims that he moved onto the subject premises, that he contributed financially to the business, which was struggling under burdensome mortgage payments, and that defendant referred to him as his business partner and co-owner of the farm. Plaintiff also made substantial improvements to both his residence on the farm, in which he resided full time, and to the farm itself. Given that all of these actions are unequivocally referable to the alleged oral agreement, we find that dismissal of the complaint under CPLR 3211 (a) (5) based upon the statute of frauds was improper (see Spirt v Spirt, 209 AD2d 688, 689 [1994]; see generally Pinkava v Yurkiw, 64 AD3d at 692-639; compare Wells v Hodgkins, 150 AD3d at 1451-1452).
Garry, P.J., Egan Jr., Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as partially granted defendant's motion; motion denied in its entirety; and, as so modified, affirmed.



Footnotes

Footnote 1: In his motion to dismiss, defendant erroneously characterizes plaintiff's claim as "seek[ing] an interest in the real property titled in [d]efendant's name alone." Inasmuch as plaintiff does not seek that relief, we are construing the motion to dismiss as directed at plaintiff's claim seeking a declaration that the farm was property of the partnership.

Footnote 2: Defendant, erroneously framing this issue as squarely a contractual matter, also argues that the parties merely had an unenforceable agreement to agree since plaintiff's capital contribution was not initially determined and therefore there was no consideration. However, an oral partnership agreement does not have the same requirements as a formal contract and can be found even in the absence of a capital contribution based on the parties' conduct (see e.g. Saibou v Alidu, 187 AD3d 810, 811 [2020]; Alper Rest., Inc. v Catamount Dev. Corp., 137 AD3d at 1561).