## Hersko v Hersko

2025 NY Slip Op 31567(U)

April 30, 2025

Supreme Court, Kings County

Docket Number: Index No 520492/2021

Judge: Wayne Saitta

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 29 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 30th day of April 2025.

P R E S E N T:

HON. WAYNE SAITTA, Justice.

---------------------------------------------------------------X

ABRAHAM HERSKO and MORRIS HERSKO
As CO-EXECUTORS of the ESTATE OF
ISAAC HERSKO a/k/a YITZCHOK SHLOMO
HERSKO,

                       Plaintiffs,

        -against-

BARRY HERSKO a/k/a ZEV DOV HERSKO
a/k/a BEREL HERSKO, BELLA HERSKO,
WILSON-HINS ASSOCIATES, INC, CLARK
WILSON, INC., WILSON PROPERTIES &
EQUITIES, INC., WILSON FLAT, INC., WILSON
HAN ASSOCIATES, INC., WILSON-MER
ASSOCIATES, INC., B. CLARK ASSOCIATES, INC.,
516 KINGSTON, LLC and

ABRAHAM WEISEL, as escrow agent,

                      Defendants.

---------------------------------------------------------------X

Index No 520492/2021

DECISION AND ORDER

MS 46

The following papers read on this motion:

|  | NYSCEF Doc Nos |
|---|---|
| Notice of Motion/Order to Show Cause/ Petition/Affidavits (Affirmations) and Exhibits | 962-972, 979-980 |
| Cross-motions Affidavits (Affirmations) and Exhibits |  |
| Answering Affidavit (Affirmation) | 991-992 |
| Reply Affidavit (Affirmation) | 996-998 |
| Supplemental Affidavit (Affirmation) |  |

[* 1]

Defendants move to renew and reargue an order substituting ABRAHAM HERSKO and MORRIS HERSKO as CO-EXECUTORS of the ESTATE OF ISAAC HERSKO a/k/a YITZCHOK SHLOMO HERSKO as Plaintiffs in this action following the death of ISAAC HERSKO.

This action stems from a dispute between two brothers, Plaintiff ISAAC HERSKO and Defendant BARRY HERSKO ("the brothers"), concerning nine Real Properties in Brooklyn, as well as income from various other joint business ventures undertaken by the brothers.

Plaintiff sought the imposition of a constructive trust on the following nine Real Properties: 1) 553 Hinsdale Street, Brooklyn, NY; 2) 930 Dekalb Avenue, Brooklyn, NY; 3) 279 Kosciuszko Street, Brooklyn, NY; 4) 401 East 21st Street Brooklyn, NY; 5) 666 Hancock Street, Brooklyn, NY; 6) 60 Clarkson Avenue, Brooklyn, NY; 7) 250 Clarkson Avenue, Brooklyn, NY; 8) 270 Clarkson Avenue, Brooklyn, NY; 9) 516 Kingston Avenue, Brooklyn, NY, (collectively, the "Real Properties"), and a declaration that Plaintiff was 50% owner of each Property.

The Plaintiff also sought a declaration, that he is 50% partner of other business investments of the brothers, and of monies in an escrow account held by Defendant ABRAHAM WEISEL. Plaintiff further sought an accounting and money damages relating to income from the Real Properties and from the other businesses.

Plaintiff alleged that he and his brother had an agreement that they would invest in real properties and that separate corporations would be formed to purchase and hold title to each real property, and that BARRY HERSKO would be listed as the sole shareholder of these companies.

2

[* 2]

Plaintiff ISAAC HERSKO died on October 26, 2024, and ABRAHAM HERSKO and MORRIS HERSKO, co-executors of the Estate of ISAAC HERSKO moved to be substituted as Plaintiffs.

Defendants opposed the motion for substitution and argued that Plaintiff's complaint was based on an allegation of a partnership between the brothers and therefore those claims were extinguished upon ISAAC HERSKO's death.

The Court found that Plaintiffs claims relating to the nine Real Properties named in the complaint were not based on a partnership, but that remaining claims were based on a claimed partnership between the brothers engaged in making various investments and loans.

By decision and order dated February 13, 2025, the Court granted the substitution but also dismissed Plaintiff's claims relating to businesses and investments apart from the claims relating to the nine Real Properties set forth in the complaint and the income generated from those properties.

Defendants move to reargue on the grounds that the Court misapprehended the law in finding that the claims relating to the Real Properties were not based on a claim of partnership.

Defendants also move to renew and argue that the Court erroneously suggested in dicta that Judge Rothenberg issued a declaration that Plaintiff was 50% owner of the Real Property and that this Court raised the issue sua sponte and therefore they are entitled to seek renewal of that part of the order.

3

**Renewal**

As to renewal, the Courts decision has obviously caused some confusion concerning the cause of actions for declaratory judgment and for a constructive trust. The decision of February 13, 2025, did not constitute a declaratory judgment and the Court has not yet issued a declaratory judgment.

This Court, in its decision, did not make any additional determination as to the relief Plaintiff is entitled to, based on Defendants' default.

This Court did address, and reject, Defendants' contention that Judge Rothenberg, in her decision, could not determine that Plaintiff had established that they were entitled to a declaratory judgment because it is necessary for Plaintiff to prove their entitlement through live witnesses. This Court did so because Defendants raised the issue in its opposition papers to the substitution motion.

This Court, in its decision, did not make any new determinations as to what traversable facts were admitted by Defendants' default but recited some of the findings made by Judge Rothenberg in her decision granting Plaintiff's motion for a default judgment.

This Court noted that in her decision of April 21 2022, granting Plaintiff's motion for a default judgment, Judge Karen Rothenberg found, "the complaint, as amplified by plaintiff's affidavit, indicates that plaintiff and his brother Barry entered into a business arrangement for the funding and purchase of distressed real estate wherein plaintiff would provide the money to purchase the properties and Barry would hold (through separate holding corporations) title to each of the purchased properties, with each 50% equitable owners of the properties and sharing equally in the profits."

4

[* 4]

This Court also noted that Judge Rothenberg held that the Plaintiff had submitted proof of the facts constituting his claims and that Defendants failed to establish a potentially meritorious defense to the action. Judge Rothenberg specifically found that affidavit of Defendant BARRY HERSKO, "does not dispute the allegations contained in the complaint or provide any factual support to establish a defense to the claims."

Judge Rothenberg, in her decision, granted Plaintiff's motion for a default judgment, and found that Plaintiff had demonstrated entitlement to his claim for a constructive trust and a declaration of a 50% equitable interest in the Properties. However, as this Court stated in its decision of July 22, 2024, denying Plaintiff's motion for an order directing the Sheriff to convey a 50% interest in the Properties to plaintiff, the specifics of the relief to be awarded have yet to be determined. The Court noted that it still had to be determined whether the default judgment should impose a constructive trust on the Properties themselves or on the shares in the corporations that hold title to the Properties.

Defendants also argue that it would be improper to consider imposing a constructive trust on the corporations that hold title to the Properties as that is a new theory not contained in the complaint, citing CPLR 3215.

CPLR 3215(b) provides in part that upon a default "The judgment shall not exceed in amount or differ in type from that demanded in the complaint". CPLR 3215(b) concerns itself with what relief that can be sought upon default.

A defaulting defendant admits all traversable allegations in the complaint, and all reasonable inferences that flow from them including the basic allegation of liability but does not admit the plaintiff's conclusion as to damages. *Woodson v Mendon Leasing Corp.,* 100 NY2d 62 [2003]; *Rokina Opt. Co. v Camera King,* 63 NY2d 728 [1984]).

[* 5]

The determination of whether a construction trust should be imposed on the Properties or on the shares of the corporations holding title to the Property must be based on the traversable facts that have been admitted.

Here the Plaintiff has established, through the admission of the traversable facts the elements of his claim for a constructive trust.

Among the traversable facts alleged in the complaint are:

that ISAAC HERSKO solely funded the acquisition of the real property located at 149 Wilson Avenue, Brooklyn, New York (paragraph 42),

that the brothers used money they obtained from a mortgage on the Wilson Avenue Property to acquire further properties (paragraphs 44-45),

that separate corporation would hold title to each property and that BARRY HERSKO would be listed as the sole shareholder (paragraph 47),

that the brothers agreed to equal shares of the rents (paragraph 49),

that BARRY HERSKO would be compensated for his management of the properties (paragraph 50),

that the brothers memorialized their agreement in a writing that was held in escrow by Aaron Benzoin Mandel (paragraphs 62, 66),

that the agreement between the brothers was that they would be 50% owners of each of the properties (paragraph 63),

that BARRY HERSKO promised that he would hold the Properties for the benefit of both Isaac and Barry, each as 50% owners (paragraph 86),

that in reliance of the promise that they brothers would be 50% owners ISAAC HERSKO agreed to pay the purchase price for each prospective Property (paragraph 85).

6

[* 6]

Plaintiff's request for relief as to his cause of for a constructive trust was to, "impose a constructive trust against the Properties declaring Plaintiff a 50% owner in each of the Properties."

The concern implicated by 3215(b) is whether imposing a constructive trust on the corporations differs in type from a constructive trust directly on the properties.

It must be determined whether this difference is a difference in type of relief in the context of Plaintiff's claims and the traversable facts alleged in the complaint.

While the complaint alleges that Plaintiff is entitled to a 50% interest in the properties, it also alleges that the agreement between the brothers was that each property would be held by a separate corporation, that BARRY HERSKO would be listed as the shareholder, but that he would hold the Properties for the benefit of both ISAAC HERSKO and BARRY HERSKO, each as 50% owners.

In the context of their agreement whether a trust is imposed on the Properties or the corporations that own the property may not be a difference in type, particularly if each property and its income are the sole asset of each corporation.

This determination will be made after the inquest where the parties will have an opportunity to address the suitability and ramifications of imposing a trust on the corporations, as opposed to directly on the Real Properties.

**Reargument**

On that part of the motion seeking reargument, Defendants argue that this Court misapprehended the law in holding that Plaintiff's claims relating to the nine Real Properties and income from the Properties did not constitute partnership property.

7

Although parts of the complaint refer to the brothers as being partners, the fact that they may have called themselves partners is not determinative of whether they are partners in a legal sense. *Brodsky v Stadlin* 138 AD2d 662 [2d Dept 1988]; *Weisner v Benenson*, 275 A.D. 324 [1st Dept 1949], aff'd 300 N.Y. 669 [1950]).

When there is no formal partnership agreement between parties, the court must determine whether a partnership in fact existed from the conduct, intention, and relationship between the parties. (See *Delidimitropoulos v. Karantinidis*, 186 A.D.3d 1489 [2d Dept 2020]).

In determining which claims involved partnership property, the Court examined the nature of the various business interests alleged in the complaint, rather than analyze the claims by each cause of action pled.

That complaint alleges that the brothers agreed that they would each be 50% owners in the Properties as well as share equally in all the income and profits derived from the purchase of each Property and that in reliance of this promise Isaac agreed to pay the purchase price for the Properties, but that title to the Properties would be in the name of corporations of which Barry would listed as the sole shareholder and that Barry hold the Properties for the benefit of both Isaac and Barry, each as 50% owners.

Based on these allegations, Plaintiff sought a declaration that he was a 50% owner of the properties and a 50% share of the profits of the property. Plaintiff also sought the imposition of a constructive trust upon the properties granting him a 50% ownership of each property.

These allegations and relief are not based on a claim that the Properties are owned by a partnership, but that title is in the name of corporations of which Barry is listed as the sole shareholder.

8

[* 8]

The complaint states that each Property is owned by a corporation. As titles are held by corporation, the Properties are not partnership property (*Weissman v Awnair Corp of America,* 3 NY2d 444 at 449 [1957]; *see also Weiner v Hoffinger Friedland* 298 AD2d 453 [2d Dept 2002]; *Berk v Hamby* 279 AD2d 491 [2nd Dept 2001]).

Further, a partnership is based on an agreement to conduct business as a partnership, to share in profits and losses, and to joint control of the management of the business. (*Czernicki v Lawniczak* 74 AD3d 1121 [2d Dept 2010]; *Leonard v Cummings,* 196 AD3d 886 [3d Dept 2021]; *Hammond v Smith,* 151 AD3d 1896 [4th Dept 2017]).

The complaint does not allege two of the requisites of a partnership, first that the brothers share in the management of the Properties, and second that they will share in any losses as well as profits.

The complaint specifically alleges that Barry would manage the Properties alone and be compensated for managing them. The complaint also alleges that the brothers would share equally in the income and profits of the Properties but does not allege that Plaintiff would share or be responsible for any losses from the Properties.

**Other business ventures**

In addition to the claims relating to the Real Properties and income from the Properties, the complaint also alleges that the brothers acted as private money lenders and invested in financial holdings, such as live insurance policies of third parties. Neither the complaint nor the written agreement identifies specifically what these other investments are, other than a general description that they involve investing in life insurance policies of third parties and making loans.

As to Plaintiff's claims to these other loans and investments, Plaintiff sought an accounting and a judgment for half of the monies realized from these investments.

Plaintiff conceded, in its supplemental memo of law in support of his motion to substitute, that the brothers had a partnership with respect to their other business endeavors exclusive of their ownership of the properties

As Plaintiff conceded that these investments were partnership property, this Court held that those claims were extinguished upon Plaintiff's death and dismissed them.

WHEREFORE, it is hereby ORDERED that Defendants' motion to renew is denied; and it is further,

ORDERED that Defendants' motion to reargue is denied.

This constitutes the Decision and Order of the Court.


E N T E R:

_____
JSC


10