Berman v Sosman (2025 NY Slip Op 06304)

Berman v Sosman

2025 NY Slip Op 06304

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2024-06159
 (Index No. 616069/23)

[*1]Barry Berman, etc., respondent, 
v
Richard Sosman, etc., et al., appellants.

Tuch & Cohen LLP, Westbury, NY (Laurence I. Cohen and Kenneth Tuch of counsel), for appellants.
Richard A. Kraslow, P.C., Melville, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered March 20, 2024. The order, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first, second, third, fourth, sixth, and seventh causes of action.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first, second, fourth, sixth, and seventh causes of action, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants.
In October 2023, the plaintiff commenced this action, inter alia, to recover damages for breach of contract against the defendants, Richard Sosman, David Rosenzweig, and Berman, Sosman & Rosenzweig, CPAs, PLLC (hereinafter BSR). The plaintiff alleged that he and Sosman had each held a 50% membership interest in BSR and that in January 2006, he transferred his interest in BSR to Rosenzweig. The plaintiff alleged that "as a condition" of the transfer of his membership interest in BSR to Rosenzweig, the parties entered into an agreement for the plaintiff to maintain an undivided 33.34% interest in the revenues, earnings, and profits of BSR. The plaintiff further alleged that pursuant to that agreement, the defendants paid the plaintiff his 33.34% interest in the revenues, earnings, and profits of BSR from January 2006 to August 22, 2023, but on August 22, 2023, the defendants ceased making payments to the plaintiff.
The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint, arguing, among other things, that the cause of action alleging breach of contract was barred by the statute of frauds and that the complaint failed to state viable causes of action. In an order entered March 20, 2024, the Supreme Court, inter alia, denied those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first, second, third, fourth, sixth, and seventh causes of action, alleging, respectively, misappropriation, conversion, breach of contract, unjust enrichment, defamation, and entitlement to injunctive relief. The defendants appeal.
In considering a motion to dismiss pursuant to CPLR 3211(a)(7), "'the court should liberally construe the complaint, and accept as true the facts alleged in the complaint and any submissions in opposition to the motion to dismiss'" (Benjamin v Yeroushlami, 212 AD3d 758, 760, quoting Houtenbos v Fordune Assn., Inc., 200 AD3d 662, 664). "'Evidentiary material submitted by the plaintiff in opposition to such a motion may be considered to remedy defects in the complaint'" (1470 39th St., LLC v Goldberg, 226 AD3d 853, 854 [internal quotation marks omitted], quoting Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d 959, 960). "'If the court considers evidentiary material, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one'" (Cordell Marble Falls, LLC v Kelly, 191 AD3d 760, 762 [internal quotation marks omitted], quoting Sokol v Leader, 74 AD3d 1180, 1181-1182). "'In this procedural posture, the allegations of a complaint, supplemented by a plaintiff's additional submissions, if any, must be given their most favorable intendment'" (1470 39th St., LLC v Goldberg, 226 AD3d at 854, quoting Arrington v New York Times Co., 55 NY2d 433, 442).
Contrary to the defendants' contention, the Supreme Court properly denied dismissal of the third cause of action, alleging breach of contract, based upon the statute of frauds. "An oral agreement may be sufficient to create a joint venture relationship and the statute of frauds is generally inapplicable thereto" (Mendelovitz v Cohen, 66 AD3d 849, 850; see Kefalas v Pappas, 226 AD3d 757, 761). Here, in opposition to the defendants' motion, the plaintiff submitted, among other things, financial documents indicating that the parties shared equally in BSR's profits and losses. Thus, affording the allegations in the complaint, as supplemented by the plaintiff's evidentiary submissions, their most favorable intendment (see 1470 39th St., LLC v Goldberg, 226 AD3d at 854-855), the plaintiff sufficiently alleged the existence of an agreement to create a joint venture (see Clarke v Sky Express, Inc., 118 AD3d 935, 935-936; cf. MacKay v Paesano, 185 AD3d 915, 915-916), which was not subject to the statute of frauds (see Kefalas v Pappas, 226 AD3d at 761). Moreover, contrary to the defendants' contention, the plaintiff's allegations were pleaded with sufficient specificity to state a cause of action alleging breach of contract (see Hymowitz v Nguyen, 209 AD3d 997, 1000-1001; cf. Canzona v Atanasio, 118 AD3d 837, 839). Accordingly, the court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the third cause of action, alleging breach of contract.
However, the Supreme Court should have granted those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first, second, and fourth causes of action, alleging, respectively, misappropriation, conversion, and unjust enrichment, on the ground that those causes of action were duplicative of the cause of action alleging breach of contract (see Crawford v Integrated Asset Mgt. Servs., LLC, 236 AD3d 750, 752-753; Guzman v Ramos, 191 AD3d 644, 648).
Furthermore, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the sixth cause of action, alleging defamation, for failure to state a cause of action, as the plaintiff failed to allege the particular person or persons to whom the statements allegedly were made (see Delanerolle v St Catherine of Sienna Med. Ctr., 231 AD3d 1013, 1015; CSI Group, LLP v Harper, 153 AD3d 1314, 1320; Ott v Automatic Connector, 193 AD2d 657, 658).
The Supreme Court also should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the seventh cause of action, seeking injunctive relief. When pleading a cause of action seeking injunctive relief, "'a plaintiff must allege that there was a violation of a right presently occurring, or threatened and imminent, that he or she has no adequate remedy at law, that serious and irreparable harm will result absent the injunction, and that the equities are balanced in his or her favor'" (Hogue v Village of Dering Harbor, 199 AD3d 900, 903 [internal quotation marks omitted], quoting Caruso v Bumgarner, 120 AD3d 1174, 1175). Irreparable harm means "any injury for which money damages are insufficient" (Rockefeller v Leon, 233 AD3d 904, 908). "[W]here an injury can be adequately compensated by money damages, injunctive relief is inappropriate" (id.). Here, the plaintiff failed to allege damages of a noneconomic nature and, therefore, failed to sufficiently allege that irreparable harm will result in the absence of [*2]injunctive relief (see id.; Di Fabio v Omnipoint Communications, Inc., 66 AD3d 635, 637).
In light of our determination, we need not reach the parties' remaining contentions.
IANNACCI, J.P., GENOVESI, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court